WILLIAM E. HASSEN et al., Appellants, *v.* THE CITY OF ROCHESTER et al., Respondents.

Under the provisions of the charter of the city of Rochester of 1861 (§§ 192, 193, chap. 143, Laws of 1861) authorizing the common council, in case they determine that the expense of a public improvement should be assessed in whole or in part upon the owners of property benefited, to declare, by order, the amount to be assessed and "the portion or part of the city on which the same is to be assessed," and to direct the assessors to make an assessment "upon all the owners and occupants" of lands within the portion so designated in proportion to the benefits, the assessors have no authority to omit from an assessment made under such an order any lands within the designated portion of the city. They have no authority to reverse or modify the decision of the common council in reference to the territory benefited, but only to assess in proportion to the benefit.

An assessment omitting any portion of the territory embraced in the order is not validated by section 208 of said charter declaring assessments for local improvements valid, "notwithstanding any irregularity, omission or error in the proceedings." That section was intended to cover technical irregularities and omissions, not a clear violation of an express statutory requirement prescribing the property to be assessed or regulating the amount of the assessment.

One whose assessment is increased by such an unauthorized omission of lands of another, may maintain an action against the city to restrain the enforcement of the assessment.

*Hassen* v. *City of Rochester* (6 Lans., 185) reversed.

(Argued May 7, 1875; decided June term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, in favor of defendants entered upon an order denying a motion for a new trial and directing judgment on a nonsuit. (Reported below, 6 Lans., 185.)

This action was brought, among other objects, for the purpose of restraining, by injunction, the collection of assessments imposed on lands of the plaintiffs in the city of Rochester, under its charter (chapter 143, of the Laws of 1861), for the improvement of Oak street, one of the streets in that city.

Plaintiffs' counsel, in opening the case on the trial, stated the facts substantially as alleged in the complaint and as stated in the opinion. Defendants' counsel thereupon moved for a nonsuit, on the ground that the action of the assessors and common council were conclusive. The motion was granted, to which plaintiffs' counsel duly excepted; exceptions were ordered to be heard at first instance at General Term. The facts material to the decision of the appeal sufficiently appear in the opinion.

*Geo. F. Danforth* for the appellants. The omission to assess the whole of the portion to be improved rendered the proceedings void. (*Joyner* v. *Inhabitants*, 3 Cush., 567; *Chapman* v. *City Bklyn.*, 40 N. Y., 380; 51 Barb., 414; *In re Turflur*, 44 id., 46; *Doughty* v. *Hope*, 3 Den., 594; Laws 1861, chap. 143, p. 292, §§ 86, 191, 192; *Torvey* v. *Milbury*, 21 Pick., 67.)

*Geo. W. Lord* for the respondents. The determination of the assessors cannot be reviewed collaterally. (*Swift* v. *City Poughkeepsie*, 37 N. Y., 511; *Barhydt* v. *Shepard*, 35 id., 238; *People* v. *Bd. Assrs. of Albany*, 4 id., 154; *People* v. *Assrs. of Bklyn.*, 39 id., 81; *Noster* v. *Van Wyck*, 3 Tr. Apps., 196.) The defendants having the assessment roll of the officers authorized to make it cannot be enjoined from collecting the same. (*Livingston* v. *Hollenbeck*, 4 Barb., 9; *Van Rens-*

*selaer* v. *Kidd*, id., 17 ; *Bouton* v. *City of Bklyn.*, 15 id., 375 ; *Betts* v. *Williamsburgh*, id., 255 ; *Messeck* v. *Suprs. of Columbia*, id., 190 ; *Dodd* v. *City of Hartford*, 25 Conn., 232 ; *Susque. Bk.* v. *Suprs. of Broome*, 25 N. Y., 312 ; *Hasbrouck* v. *Kingston Bd. of Health*, 3 Keyes, 481.) Plaintiffs' failure to object to the assessment before the common council bars all their claims to relief in equity by injunction to restrain its collection. (*City of Ottawa* v. *R. R. Co.*, 25 Ill., 43 ; *State* v. *Jersey City*, 2 Dutch., 444.)

LOTT, Ch. C.    Section 191, of the charter of the city of Rochester (chapter 143 of the Laws of 1861), in force when the assessments in question were made, so far as it relates to the matters involved on this appeal, was in these terms, viz. : "Whenever the common council shall determine that the whole or any part of the expense of any public improvement, not requiring the taking of any land by said city, shall be defrayed by an assessment on the owners and occupants of houses and lands to be benefited thereby, they shall declare the same by an entry in their minutes, and after ascertaining, as they may think proper, the estimated expense of such improvement, they shall declare, by an entry in their minutes, whether the whole or what portion thereof shall be assessed on such owners and occupants, specifying the sum to be assessed and the portion of the city which they deem will be benefited by such improvement ; " and the next section (§ 192), was in the following terms, viz. : " The common council shall thereupon make an order, reciting the public improvement so as aforesaid intended to be made, the amount of expense to be assessed as aforesaid, and the portion or part of the city on which the same is to be assessed, and directing the assessors, if they are not interested in any of the property so benefited, and not of kin to any person so interested, or if any two of them are not so interested or of kin, then directing such two to make an assessment upon all the owners and occupants of lands and houses within the portion or part so designated of the amount of expense in proportion, as nearly as may be, to

the advantage which each shall be deemed to acquire by the making of such improvement, which order shall be certified by the clerk of the city, and delivered to some one of the said assessors, together with the map or profile of the proposed improvement, in cases where the same is applicable."

It appears by the allegations in the complaint, which on the trial were admitted to be true, that the common council, in pursuance of these provisions determined to improve Oak street in the said city, and thereupon enacted an ordinance, directing such improvement to be made, in and by which they made and fixed an estimate of the expense thereof, and declared that the whole amount thereof should be assessed on the portion of the city comprised of one tier of lots on each side of Oak street, from Allen street to Lyell street, which they deemed would be benefited by the said improvement; that the assessors to whom the said ordinance was delivered did not follow or obey its directions, but omitted from the assessment made by them a very large proportion, and upwards of 900 feet of the territory fronting on said Oak street, which was therein designated as the portion of the city on which such expense should be assessed. Their assessment was subsequently confirmed by the common council. The effect of that omission was to increase the assessments on the lands of the plaintiffs, and the first question presented on the present appeal is, whether the action of the assessors was authorized. We think not. It was evidently contemplated by the provisions of the charter to which reference has been made, that the common council were to determine what portion of the city would be benefited by the improvement, and to declare whether the whole or what part of the expense incurred therefor should be defrayed by an assessment on the owners and occupants of the houses and lands within the territory which they should deem to be benefited, and the direction which they were required to give the assessors, as provided by section 192, imposed on them the *duty* to make such assessment on *all* of such owners and occupants in proportion, as nearly as might be, to the

advantage which each should be deemed to acquire by the making of the improvement. They had no authority or power to reverse, alter or modify the decision of the common council in reference to the territory that would be benefited. That was conclusive on them. They were bound to assume that every part thereof derived some benefit and advantage, and on that assumption to assess thereon the amount of expense in proportion to the extent of such benefit and advantage, as it should be determined by them. Their discretion or judgment was confined to the proportion of advantage which each parcel of land within the designated district derived from the improvement, and they were not authorized to exempt any land therein entirely, from an assessment; such exemption necessarily resulted in an injury to, and to the prejudice of the plaintiffs. This question is so fully and ably considered by TALCOTT, J., in his opinion at General Term, in the court below, that I deem it unnecessary to add any thing further in relation to it, than to say that I adopt the views expressed by him on the subject.

I am not able, however, to concur with him in reference to the operation and effect of that portion of section 208 of the charter which enacts as follows, viz. : " All assessments and reassessments heretofore made, or that hereafter may be made, for local improvements, shall be and are hereby declared to be valid and effectual, notwithstanding any irregularity, omission or error in the proceeding relating to the same, and all questions concerning the same shall be determined in all courts and places liberally to sustain such proceedings and with reference to the very right of the case, and not strictly." The terms of that provision clearly show that it was intended to apply to cases where, without it, some irregularity, omission or error of a formal nature, in some of the proceedings relating to an assessment, and not affecting the substantial merits, might have invalidated it, and that it does not relate to the principle or rule adopted by the assessors in making an assessment or to a clear violation of an express requirement of law prescribing and defining what property was to be

assessed or· regulating the amount of the assessment to be imposed. This construction is, I think, sustained by the direction that all questions concerning the same shall be determined in all courts and places liberally to *sustain* such proceedings and with reference to the very right of the case, and not strictly. That direction assumes and contemplates that some assessments are properly to be subject to review by the courts, and may be held invalid, but in determining the question of their validity, the merits, without regard to mere irregularities, omissions or errors, not affecting substantial rights, are only to be considered. If it was intended by the provision to declare that every irregularity, omission or error of any kind, affecting or relating to an assessment, was to be disregarded, there would have been no necessity or propriety in adding any thing further, after declaring that all assessments made or to be made for local public improvements were valid and effectual. All that is subsequently provided would be useless. The intention was to render a technical irregularity, omission or error unavailable and ineffectual, as a ground for setting aside such an assessment. It would be an unreasonable construction .of that provision to hold that the legislature, after carefully providing that certain measures and proceedings, tending to protect the rights of persons whose lands were to be assessed, should be pursued, nevertheless intended to declare that they might be entirely disregarded, and that every assessment which the common council might direct ·to be imposed would, notwithstanding such disregard, be valid and effectual. Such a construction cannot be justified and is unwarranted.

My conclusion, therefore, is, that the invalidity of the assessment, as made by the assessors, is not cured by the provisions of section 208, above referred to, and as the certificate of sale and leases that are to be given on a sale of the lands assessed are made presumptive evidence of the legality of the assessments, the plaintiffs are entitled to equitable relief by injunction against the enforcement of them.

It follows that their complaint was improperly dismissed,

and that the judgment affirming such dismissal must be reversed, and a new trial is ordered, costs to abide the event.

All concur.

Judgment reversed.