IN THE MATTER OF THE PETITION OF THE HEBREW BENEVOLENT ORPHAN ASYLUM SOCIETY TO VACATE AN ASSESSMENT.

Where application is made to set aside an assessment for a local improvement in the city of New York, upon the ground that it is violative of the provison of the act of 1840 (§ 7, chap. 326, Laws of 1840), prohibiting an assessment exceeding half the value of the property, as valued by the general tax assessors, if it appears that there was a prior valuation of the property, it is not incumbent upon the city to show that in making the assessment it kept within the limit prescribed by the act; but the burden of proof is upon the petitioner to show that such limit has been exceeded. The presumption in such case is in favor of the regularity of the assessment.

Where, therefore, it appeared that the premises in question had been included with other lots in, and valued upon a prior assessment roll, as one parcel ; *Held*, that, in the absence of evidence that the lots in question were not of equal value with those included with them in the prior

valuation. An assessment not exceeding one-half the value of the lots, as ascertained by apportioning the assessed valuation of the whole parcel equally on the lots included therein, was valid.

*In re Second Ave. M. E. Church* (66 N. Y., 395) distinguished.

But where it appears that the assessment exceeds half the valuation, the power of the court to reduce the assessment to one-half the valuation cannot be exercised, and the assessment must be set aside wholly, unless the precise valuation appears; the burden of proof in such case is upon the city, and the correct amount must be clearly shown.

*In re Hebrew Benevolent Orphan Asylum* (10 Hun, 112) reversed, in part.

(Argued June 19, 1877; decided Sep ember 18, 1877.

APPEAL from order of the General Term of the Supreme Court in the first judicial department modifying by reducing the amount as to one assessment order of Special Term, which denied a motion to vacate certain assessments for local improvements in the city of New York, and affirming the order as modified. (Reported below, 10 Hun, 112.)

The facts sufficiently appear in the opinion.

*Alexander. B. Johnson*, for the appellant. The previous valuation not having been of the lots separately, was not such a valuation as was required by the statute. (1 R. S. [6th ed.], 992, §§ 8, 10, 11; Laws 1859, chap. 302; *Sharp* v. *Johnson*, 4 Hill, 100; *Howlett* v. *Mayor*, 63 N. Y., 291.)

*J. A. Beall*, for the respondent. The valuation of the property in 1856 was sufficient to validate the assessments. (Laws 1840, chap. 326, p. 273.) The assessments were validated by chapter 580, Laws of 1872, and chapter 313, Laws of 1874, and cannot be vacated. (*In re Palmer*, 31 How. Pr., 18; *In re Beekman*, id., 42; *In re Dunning*, 60 Barb., 377; *In re Douglass*, 46 N. Y., 42.)

RAPALLO, J. The ground upon which the petitioner seeks to vacate the assessment in this case, is, that no valuation was ever placed on the petitioners property by the tax commissioners, and that consequently the case falls within the deci-

sion of this court. (*In re Second Avenue Methodist Episcopal Church*, 66 N. Y., 395.)

The assessments now in question were confirmed in the years 1869, 1870, 1872 and 1874. On the hearing of this application, the petitioner proved that from 1868 to 1874, inclusive, the lots were not valued by the ward assessors or tax commissioners, but were marked exempt, and the respondents gave in evidence a record of the assessed valuation for the year 1856 of thirty-six lots, lying between Third and Fourth avenues, and Seventy-sixth and Seventy-seventh streets, numbered on the map of the Nineteenth ward, from thirty-seven to seventy-two, inclusive, and embracing the seventeen lots of the petitioners which are numbered on said map from thirty-seven to fifty-three inclusive. The valuation appearing from this record is claimed by the respondents to be $10,250 for the thirty-six lots, and they further claim that to sustain the assessment, this valuation should be apportioned on the seventeen lots, showing their valuation to be $4,840.24. There is a further sum stated in the record of $2,500 as the valuation of real estate in the lamp district, but whether this is part of the same lots embraced in the valuation of $10,250, or separate property, does not appear. If it is to be taken as an additional valuation, the proportion claimed to be applicable to the seventeen lots would be increased to $6,018.

*In the matter of St Joseph's Asylum* (69 N. Y., 353), this court decided that where property had not been valued in the year immediately preceding the laying of an assessment for an improvement, the last preceding valuation might be adopted, and an assessment not exceeding one-half of that valuation would be valid.

The appellant objects that this valuation of 1856 cannot be resorted to as a basis for the present assessment. First, it contends that the record does not show any valuation, because there are no dollar marks preceding the figures. This objection appears to be made for the first time on this appeal. It is not noticed any where in the papers, except in

the appellant's points.    If it had been taken on the hearing, in all probability it would have appeared that the figures were in a column in which those at the head were preceded by the appropriate mark, which would be applicable to the whole column.    We cannot base a decision on so technical a point raised at this late stage of the proceeding.    But, secondly, the appellants contend that the valuation of 1856 cannot be resorted to, because it is a valuation of thirty-six lots, and there is nothing to show that they were all so located as to be of equal value, and therefore the aggregate valuation of the thirty-six cannot be apportioned upon the seventeen.

The answer to this objection is, that the burden of proof is upon the petitioner to show that the assessment exceeded one-half of the valuation.    The respondents are not bound to prove that it did not exceed the prescribed limit.    The presumptions are in favor of the regularity of the assessment. All that was decided in the case of *the Second Avenue M. E. Church* was, that, it being assumed in that case that there never had been any valuation of the property, there was no basis upon which the assessment could be legally made, and the restriction in the act of 1840 could not be made operative.    But we did not hold, in that case, that where there was a valuation, it was incumbent upon the city to show that it had kept within the limit imposed by the act.

In the present case there was a valuation.    It embraced, it is true, a piece of land lying in one parcel, though subdivided on the map into lots.    In the absence of any evidence that the seventeen lots in question embraced the least valuable portion of the thirty-six lots, we cannot assume, as against the presumption in favor of the validity of the proceeding, that it was erroneous to treat the valuation as intended to apply ratably to all the lots; these seventeen lots may have been the most valuable part of the thirty-six. If the burthen were upon the city to prove the precise valuation of any particular lots, a different rule would apply.

Acting upon these principles, the court at General Term affirmed the decision at Special Term refusing to vacate the

assessments for the years 1869, 1872, and 1874, but modi-
fied it as to the assessment of 1870. The assessment
imposed in that year amounted to $3,472.60, which sum
was clearly in excess of one-half of any valuation claimed by
the city. The other assessments were much less in amount
than one-half of the lowest valuation claimed. As to the
assessment for 1870 of $3,472.60, the court reduced it to
$2,710.50.

Under the decision of this court in the *Matter of Cram*
(69 N. Y., 452), this part of the order of the General Term
cannot be sustained. The assessment of $3,472.60 was
erroneous, as shown by the appellant, and must be set aside
wholly, unless the case shows the amount to which it should
be reduced. When we come to the question of reducing
the assessment, the burthen of proof is changed. The court
is then called upon, in substance, to make the assessment, and
the correct amount must be clearly shown. It cannot be
arrived at by conjecture or presumption. The proceedings
as to the assessment, not clearly shown to be erroneous are
sustained by reason of the presumption of their regularity,
unless error is shown; but we have no such presumption to
aid in when called upon to determine the assessable sum as
an original question. We cannot fix a sum which may or
may not be correct. It is impossible to determine on what
principle the General Term acted in fixing $2,710.50 as the
amount to which the assessment of 1870 should be reduced.
That sum does not correspond with either of the valuations
claimed by the respondent. The lowest of them is $4,840.24
and the highest $6,018. Following the decision in the
*Matter of Cram*, the proper sum not being definitely ascer-
tainable, the power to reduce cannot be exercised.

The order of the General Term should be affirmed as to the
assessments of 1869, 1872, and 1874, and reversed as to that
of 1870, and that assessment should be vacated and annulled,
without costs of this appeal to either party.

All concur; FOLGER, J., concurring in result.

Ordered accordingly.