# DAVID R. MORSE, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

*Assessment—when the enforcement thereof will not be enjoined.*

This action was brought to restrain the enforcement of an assessment imposed upon land of the plaintiff for the benefit to be derived by it from the construction of a sewer. The proceedings, which had resulted in the imposition of the assessment, were in all respects regular. The error complained of was that while the plaintiff's premises had a frontage of but seventy-five fifty one-hundredths feet, they were described in the assessment as having a frontage of ninety-seven eighty-three one-hundredths feet. The error was the result of a mistake and not of fraud. The plaintiff's lot was irregular in shape, being narrower in the rear than in the front, and it appeared that the assessment upon it was at a less rate per foot, assuming it to be assessed·upon its true frontage, than the rate at which other lots fronting on the street were assessed. *Held*, that as the statute did not make the validity of the assessment depend upon the accuracy of the description of the lots assessed, and as it did not appear from the face of the roll that the assessors· were influenced in imposing the assessment upon the plaintiff's lot by the error in its description, that the action could not be maintained.

Appeal from a judgment, entered on· the .decision of the Erie Special Term, dismissing the complaint.

*Frank R. Perkins*, for the appellant.

*Giles E. Stilwell*, for the respondent.

Bradley, J.:

Action to restrain the enforcement of an assessment and to have it adjudged void. The City of Buffalo, the defendant, through its constituted authorities, in a proceeding to cause the construction of a sewer, made local assessments on the lands of the city benefited by the improvement. And the proceedings were in all respects regular. The assessment-roll was completed and delivered to the city treasurer, and thereby the assessments became liens on the lands so assessed. (2 Laws 1870, chap. 519, tit. 7, § 1.) The alleged error and the cause of the plaintiff's complaint; is that his land is described as having 97.83 feet front on Main street, when in fact its frontage on that street is only 75.50 feet, and that therefore it was assessed for more than its just portion of the amount required for

the improvement.    It appears, and is not questioned, that the frontage of his land on that street was in fact but seventy-five and one-half feet, and the assessment-roll describes it as 97.83 feet.

There is no charge that this was the result of any fraud on the part of the city, but the error in description probably arose from a mistake in the map referred to in the deed of May, 1871, conveying land to the plaintiff from which the map in the assessors' office may have been made.    That map described the land so conveyed as having a frontage on Main street of 201⅛ feet.    Afterward 53.50 feet was taken at the north-east corner from such frontage by the opening of Michigan street.    And the plaintiff in 1878 sold fifty feet more of it, leaving, as by the map last mentioned, 97.83 feet.

In making the description of the land in the roll the assessors may have failed to observe this error in the map.    If the plaintiff is prejudiced in the assessment of his property by this error he is entitled to relief, and that may properly be given by action.    The assessment is a lien on his land which may be sold.    (Id., § 3.)    The proceeding being regular in form it is a cloud upon the plaintiff's title, and the error, if it be one, can be exposed only by evidence extrinsic the record.    The case then comes fairly within the cases of which courts of equity will take cognizance and afford relief, and it is not important that the plaintiff may have had a remedy by *certiorari.*

The court will not refuse to entertain jurisdiction of an action in such case or deny its consideration, unless the statute has made the remedy exclusive elsewhere and in a different form.    (*Hassen* v. *Rochester,* 65 N. Y., 516; S. C., 67 id., 529; *Boyle* v. *Brooklyn,* 71 id., 2, 5; *Rumsey* v. *Buffalo,* 20 N. Y. W. Dig., 48.)    And remedy may not be denied because amount involved is not large. (*Matter of Willis,* 30 Hun, 13; *Matter of Deering,* 93 N. Y., 361.) But it must appear that the error complained of actually prejudiced the plaintiff, and the burden is with him to establish it and make it appear with reasonable certainty.    (*Matter of Hebrew B. O. A. Society,* 70 N. Y., 476; *Matter of Mead,* 74 id., 216; *Matter of Merriam,* 84 id., 596; *Matter of Mut. Life Ins. Co.,* 89 id., 530.) The only purpose of this action is relief against the assessment of fifty-two dollars and seventy-four cents, and that is based on the fact that the description in the assessment-roll of frontage on Main

street is twenty-two and one-third feet greater than it should be, and assuming that the assessment is proportionably greater, the excess would be about eleven dollars.

The important question here is whether the description in the roll, necessarily, in this case shows that the plaintiff's land has been assessed more than its just and proper portion of the burden, and by that is meant whether it appears that the judgment of the assessors would have made the assessment less if the description had been correctly given in the roll. Ordinarily when a defined and apparent rule of estimate and assessment is found to have governed the assessors in making their assessments for a particular improvement, the departure from it, founded upon a mistaken fact, might show error which could be demonstrated by the roll. In this case they assessed the other lands fronting on Main street uniformly and fully at one dollar and thirty-two cents per foot. The land in question with a frontage of seventy-five and one-half feet they assessed at the rate of only about seventy cents per foot, or only forty feet at the rate of one dollar and thirty-two cents per foot. The reason for this difference, or why the assessment of this land was alone exceptional in that respect, is that it was triangular in shape and narrower at the rear than in front. The plaintiff, as he was permitted by the statute, made his objections to the assessment to the common council and it was referred back to the assessors as provided by the statute as will be assumed. (Id., tit. 6, § 14.) And they made report to the effect that on the basis of seventy-five and a-half feet front they would not make any deduction of the assessment; that the amount assessed on the plaintiff's lot was just as it was assessed for only forty feet of sewer. The assessment was confirmed. Assuming as we must that the objections and application were duly made, and that the roll was duly referred back to the assessors for that purpose, it is by no means clear that the action of the assessors may not be in practical effect treated as a new assessment in respect to this lot. (Id.) But we do not consider that question, nor so hold for the purposes of this case. The statute does not make the assessment dependent on the description contained in the roll, nor does it require that the latter shall contain a statement of métes, bounds or quantity. It provides that " in the assessment-roll they shall briefly

describe the several parcels of land assessed and set down the amount in dollars and cents assessed on each parcel. (2 Laws, 1870, chap. 519, tit. 6, § 4.) The purpose evidently is, of this statute, to merely designate the parcels assessed so that they may severally be distinguished in the roll and to make effectual the notices of the assessments given as required. (Id., §§ 5, 8, 12.)

The assessors are required to " assess the whole amount upon the parcels benefited by the work." (Id., § 3.) · They have assessed the plaintiff's land a specific sum, and in the assessment-roll have inserted an erroneous description as before mentioned. Does the latter fact necessarily establish error in the former? There is no evidence that the assessments were governed by quantity other than may be inferred, but the evidence tends to show that they were controlled by actual frontage along which the improvement was located until they reached the land in question, when that manner of estimate disappears and the assessment there made is peculiar to it. The roll is the record and conclusive evidence of the amounts of the assessments and of the lands included in it, but not of the absolute correctness of the description of the respective parcels assessed. It is sufficient if they are fairly so identified by the description given as not to mislead, although it may in some respect be erroneous or defective. The omission in an assessment-roll of lands included in those declared to be benefited, and which by statute are therefore required to be assessed, entitles those whose lands are assessed to relief and vacation of the assessments as void. (*Hassen* v. *Rochester*, 65 N. Y., 516 ; S. C., 67 id., 528.) There the extrinsic fact that lands required to be assessed being established and some of them not appearing in it, the assessment-roll is evidence that those of them omitted are not assessed. But the effect of an error in the description of an assessed parcel is materially different. It is not claimed here that the assessment in question embraced any other than the plaintiff's land, or that the adjoining land on the street was not assessed, but the claim for relief is based wholly on the erroneous description of the one line of his land appearing in the roll. The presumption is that the assessment was regularly made and is valid. (Id., tit. 7, § 36.) The right of the plaintiff to relief cannot depend upon doubt or uncertainty, but must be clearly shown. The act of assessment may be distinguished from that of the description inserted

in the roll, in so far that an error in the description may not establish an erroneous assessment, or an assessment on an erroneous basis. That is the effect of the decision of the trial court, and we think that conclusion was justified. The statute contemplates that there may be imperfect description of lands in assessment-rolls and makes provision for correction by the assessors pursuant to direction of the common council. (Id., § 38.) So that the plaintiff may have no difficulty in having a correct description of his land in any future assessment-roll.

The judgment should be affirmed, with costs.

BARKER and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.