FRANK W. ELLWOOD, Respondent, *v.* THE CITY OF ROCHESTER et al., Appellants.

Under the provision of the charter of the city of Rochester (§ 170, chap. 14, Laws of 1880), directing that so much of the expense of a local improvement as the common council shall determine should be paid by a local assessment, be "assessed on all the lots and parcels of land to be benefited thereby, in proportion to the benefit each will derive therefrom," and authorizing that body to designate the portion of the city it shall deem benefited, the commissioners of assessment are bound to assume that every separate piece of real estate within the designated territory derives some benefit and to assess the same in proportion to such benefit; they have no authority to modify the determination of the common council.

In an action to set aside an assessment upon plaintiff's lot in said city for a local improvement, it appeared that the common council, by the ordinance directing the assessment, designated the portion of the city it deemed would be benefited, commanded the commissioners of assessment to make the assessment upon all the lots and parcels of land and houses within that portion "in proportion, as nearly as may be, to the advantage which each shall be deemed to acquire by the making of said improvement." The commissioners divided the designated territory

into two districts, one of which they decided would receive a special and the other only a general benefit from the improvement, and in assessing the latter they adopted a totally different rule from that adopted in assessing the former. Plaintiff's lot was in the subdistrict which they decided to be specially benefited. *Held,* that the assessment was void, as the effect of the action of the commissioners was to contract the area of special benefit as determined by the common council, and so was illegal; and that, as presumptively the assessment upon plaintiff's lot was increased by such unauthorized action, he was entitled to maintain the action.

Reported below, 43 Hun, 102.

(Argued June 24, 1890; decided October 7, 1890.)

APPEAL from so much of a judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1887, as affirmed a judgment which vacated and set aside an assessment against plaintiff's property entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry J. Sullivan* for appellants. The assessment made upon the land of the plaintiff is not invalidated or in any way affected by the fact that one or more of the buildings taken might have been worth $5,000. (Laws of 1880, chap. 14, § 169 ; Laws of 1881, chap. 343.) The failure of the common council to direct in the ordinance that the whole expense to be paid by local assessment for the taking of the land for the new street, " be assessed upon all the lots and parcels of land to be benefited thereby in proportion to the benefit which each shall derive therefrom," did not invalidate the ordinance. (*Butts* v. *City of Rochester*, 1 Hun, 598; *In re Ferris*, 10 N. Y. S. R. 485, 486.) The payment to the property owners for land taken, in advance of the order of assessment, was not in violation of law. (Laws of 1880, chap. 14, §§ 173–180, 190, 196.) There is no merit in the claim that the assessment is void because the common council failed to give the parties interested an opportunity to be heard as to the appointment of the commissioners of assessment, and as to the ordering of the assessment-roll at the meeting January

23, 1883. (*People ex rel.* v. *City of Rochester*, 5 Lans. 11.)
No assessment could properly have been made upon the ease-
ments and interest in real property of the gas, electric light
and telephone.companies for any part of the improvement.
(*People* v. *Bd. of Assrs.*, 39 N. Y. 81, 87 ; *People* v. *Cassi-
day*, 46 N. Y. 50.) The fact that the warrant of the mayor
was not annexed to the assessment-roll at the time such roll
was delivered to the treasurer for collection is immaterial.
(*Bradley* v. *Ward*, 58 N. Y. 401.) The fixing of the district
of assessment for the improvement was a matter within the
discretion of the common council, and its determination is
final. (*People* v. *Mayor, etc.*, 4 N. Y. 419 ; *Richfield* v. *Ver-
non*, 41 id. 123 ; *Town of Guilford* v. *Bd. of Suprs.*, 30 id.
143 ; *Thomas* v. *Leland*, 24 Wend. 65 ; *Genet* v. *City of
Brooklyn*, 99 N. Y. 296 ; *In re Church*, 92 id. 1 ; Cooley on
Tax. 175 ; Dillon on Mun. Corp. [3d ed.] §§ 617, 752, 761 ;
*Spencer* v. *Merchant*, 100 N. Y. 585.) The commissioners of
assessment did not adopt an erroneous rule or principal for
the determination of the amount to be assessed upon the lots
and parcels of land in the district benefited. (*Kennedy* v.
*City of Troy*, 77 N. Y. 493 ; *W. R. R. Co.* v. *Nolan*, 48 id.
513 ; *Leroy* v. *Mayor, etc.*, 30 Johns. 430 ; *Petition of Voorhis*,
5 T. & C. 345 ; *Leroy* v. *Mayor, etc.*, 4 Johns. Ch. 352 ; *Meyer*
v. *Mayor, etc.*, 101 N. Y. 288 ; *Dolan* v. *Mayor, etc.*, 62 id. 472 ;
*Astor* v. *Mayor, etc.*, 62 id. 580 ; *Reilly* v. *Kingston*, 114 id.
440, 448.) All questions with reference to the validity of the
ordinance and the proceedings taken thereunder must be con-
strued liberally to sustain them. (*Hassen* v. *City of Rochester*,
65 N. Y. 516.) To sustain this judgment will be to offer a pre-
mium upon technicalities, do violence to the rules of equity and
violate the rules of law, which forbids matters of this kind to
be attacked collaterally. (*Dolan* v. *Mayor, etc.*, 62 N. Y. 472 ;
*Astor* v. *Mayor, etc.*, Id. 580 ; *Meyer* v. *Mayor, etc.*, 101 id.
288 ; *Reilly* v. *City of Kingston*, 114 id. 440 ; *People* v. *Bd.
of Assrs.*, 39 id. 80 ; *W. R. R. Co.* v. *Nolan*, 48 id. 513 ; *Hay-
wood* v. *City of Buffalo*, 14 id. 534 ; *Mayor, etc.*, v. *Meserole*,
26 Wend. 132 ; *Van Dorn* v. *Mayor, etc.*, 9 Paige, 283.)

*Oscar Craig* for respondent.   The assessment is illegal and void because the commissioners of assessment did not apportion the amount thereof upon all the lots and parcels of land to be benefited thereby, in proportion to the benefit which each derived therefrom, or according to the direction of the common council respecting the same; and because the commissioners did not so certify; and because the plaintiff was subjected to a large assessment without benefit.   (Laws of 1880, chap. 14, § 170; *Hassen* v. *City of Rochester*, 65 N. Y. 516; 67 id. 528; *People* v. *Jefferson Co.*, 55 id. 604–607; *O'Donnell* v. *McIntyre*, 37 Hun, 615; *Kennedy* v. *City of Troy*, 14 id. 308; *Clark* v. *Village of Dunkirk*, 12 id. 181; *In re Roberts*, 81 id. 62; *Brevoort* v. *City of Brooklyn*, 89 id. 128; *Van Rensselaer* v. *Witbeck*, 7 id. 517; *Bellinger* v. *Gray*, 51 id. 610; *Bradley* v. *Ward*, 58 id. 401; *People ex rel.* v. *Suffern*, 68 id. 321; *Merritt* v. *Village of Port Chester*, 71 id. 309; *Marsh* v. *Bd. Suprs.*, 42 Wis. 502.)   The assessment does not include all the real estate within the assessed district, and it is, therefore, illegal and void.   (*H. R. B. Co.* v. *Patterson*, 74 N. Y. 365; *People* v. *F. D. D. Co.*, 92 id. 487; *Smith* v. *Mayor, etc.*, 68 id. 552; *People ex rel.* v. *Cassidy*, 46 id. 46; *People ex rel.* v. *Comrs. of Tex.*, 10 Hun, 207; *L. & C. T. E. Co.* v. *Overseers of Manchester*, Am. Law Rev. 830; *In re N. Y. P. E. P. School*, 75 N. Y. 329.)   The failure of the common council to hear or duly consider the allegations, complaints or appeals relating to said assessment, or refer the same or said assessment to the committee on assessments, as required by the charter, avoids the assessment; and the reference to the special committee of five simply furnishes evidence of the removal of the matter from the regular committee specified by the statute, and, therefore, proves that the assessment is void.   (*Merritt* v. *Village of Port Chester*, 71 N. Y. 309; *O'Donnell* v. *McIntyre*, 37 Hun, 615; *State* v. *Jersey City*, 1 Dutch. 309; *Hopkins* v. *Mason*, 42 How. Pr. 115.) The assessment is void for want of the notices required by statute as well as common law.   (*Merritt* v. *Village of Port Chester*, 71 N. Y. 309; *Stuart* v. *Palmer*, 74 id. 183; *In re*

*DePierris,* 82 id. 243.) The common council failed to comply with the preliminary conditions prescribed by the legislature for the exercise of the delegated power to open streets, or to appropriate the private property of citizens on special assessment to pay the expenses of such public improvement, and the assessment is, therefore, illegal and void. (*In re City of Buffalo,* 78 N. Y. 367; *Van Rensselaer* v. *Witbeck,* 7 id. 517; *Brevoort* v. *City of Brooklyn,* 89 id. 128; *McCulloch* v. *State of Maryland,* 4 Wheat. 428; *O'Donnell* v. *McIntyre,* 37 Hun, 615.) The common council violated the statute prohibiting the laying out of a street so as to run across the site of any building of the value of $5,000 or upward. (Laws of 1881, chap. 343, § 9; *In re City of Buffalo,* 78 N. Y. 362; *People* v. *Haines,* 49 id. 587.) The action of the common council appropriating the lands for the new street, paying for the same and removing the buildings from the same prior to the assessment and prior to the order therefor was in effect to preclude any review or consideration of the amount of the subsequent assessment or any exercise of the power expressly conferred by the charter authorizing them to abandon said improvement at any time before the final confirmation of the assessment-roll, and was, therefore, an election to pay for the improvement by public tax and not by assessment; but whether such election or not, said action was without notice, and before any notice required by the charter respecting such review and consideration, or such exercise of power, was possible, and was, therefore, at the peril of necessarily vitiating any subsequent assessment, and the subsequent assessment being thus made and confirmed without the possibility of such legal notice, as well as without any form of any such actual notice, is illegal and void. (*Sharp* v. *Speir,* 4 Hill, 76; *Allen* v. *City of Buffalo,* 39 N. Y. 386; *Merritt* v. *Village of Port Chester,* 71 id. 309; *In re City of Buffalo,* 78 id. 362; *Stuart* v. *Palmer,* 74 id. 183; *Hunt* v. *City of Utica,* 18 id. 442; *Baldwin* v. *City of Oswego,* 2 Keyes, 132, 142; *Kirby* v. *Shaw,* 19 Penn. 258; *McGonegle* v. *Alleghany City,* 44 id. 118; *In re Washington Ave.,* 69 id. 360; *Patterson* v.

*Society*, 24 N. J. 385; *T. W. Co.* v. *Coster*, 18 N. J. Eq. 519; *In re Drainage of Lands*, 35 N. J. 497; *St. John* v. *E. St. Louis*, 50 Ill. 92; *Lee* v. *Ruggles*, 62 id. 427; *In re Albany St.*, 11 Wend. 149; *Litchfield* v. *Vernon*, 41 N. Y. 123; *Weismar* v. *Vil. of Douglas*, 64 id. 91; *People* v. *Mayor, etc.*, 4 id. 419; *Baltimore* v. *Harris*, 26 Md. 194.) The opening of Church street should be a public charge, because it is conducive to the public good in various ways, as is evident, including, as the referee has found, a passage more convenient than streets bounding respondent's land, for people passing between the northerly and westerly portions of the city and opening territory for improvements alien to respondent's land that "will greatly add to the general wealth and prosperity of the city." For such gross error and abuse of discretion relief will be given by the courts. (*People* v. *Mayor*, 63 N. Y. 291, 298; *Guest* v. *City of Brooklyn*, 69 id. 506; *Hassen* v. *City of Rochester*, 65 id. 516; 67 id. 528; *Leroy* v. *Mayor*, 20 Johns. 429.) If the expense of the improvement is not to be defrayed by public tax, either in whole or in part, the area of special assessment should be limited to lands specially and directly benefited; and should, therefore, exclude respondent's land. (*People* v. *Mayor*, 63 N. Y. 291, 298; *People* v. *City of Brooklyn*, 23 Barb. 166; *Petition of Roberts*, 81 N. Y. 62; *Clark* v. *Vil. of Dunkirk*, 12 Hun, 181; 75 N. Y. 612; Burroughs on Tax. §§ 145–148; *Le Roy* v. *Mayor, etc.*, 20 Johns. 429; *People ex rel.* v. *Jefferson Co.*, 55 N. Y. 604; *Hassen* v. *City of Rochester*, 65 id. 516; *In re Eager*, 46 id. 100.) This suit for relief brought on the equity side of the court is the proper remedy. (14 N. Y. 534; 38 id. 276; 39 id. 386; 40 id. 547; 48 id. 171, 179; 59 id. 281; 65 id. 516; 67 id. 528; 69 id. 513; 87 id. 452–455; 100 id. 384; 2 Abb. Ct. App. Dec. 415; 26 Hun, 322; 20 id. 297; 14 id. 308; 12 id. 187; 75 N. Y. 612; *Scott* v. *Onderdonk*, 14 id. 9; *Hatch* v. *City of Buffalo*, 38 id. 276; *Allen* v. *City of Buffalo*, 39 id. 386; *Fonda* v. *Sage*, 48 id. 173; *Marsh* v. *City of Buffalo*, 59 id. 281; *Hassen* v. *City of Rochester*, 65 id. 516; 67 id. 528; *Guest* v. *City of Brooklyn*, 69 id. 506; *Stewart* v. *Crys-*

*ler,* 100 id. 378; *Stuart* v. *Palmer,* 74 id. 183; *Strusburgh*
v. *Mayor, etc.,* 87 id. 452.) The relief obtained by the
respondent, relating to any subsequent local assessment, as well
as to the present assessment, is sustained by the law and the
facts of the case. (*In re Pennie,* 108 N. Y. 364; *Stuart* v.
*Palmer,* 74 id. 188; *Howell* v. *City of Buffalo,* 15 id. 512;
*Weismer* v. *Vil. of Douglas,* 64 id. 91; *Moore* v. *City of
Albany,* 98 id. 396; *People* v. *Haines,* 49 id. 587.) The Gen-
eral Term erred in omitting to state the entire rule entitling
the plaintiff to the relief sought on the equity side of the
Supreme Court, and so erred in its defective application of
the rule. (*Scott* v. *Onderdonk,* 14 N. Y. 9; *Hatch* v. *City
of Buffalo,* 38 id. 276; *Allen* v. *City of Buffalo,* 39 id. 386;
*Fonda* v. *Sage,* 48 id. 173; *Hassen* v. *City of Rochester,* 65
id. 516; 67 id. 528; *Stewart* v. *Crysler,* 100 id. 378.) The
General Term erred in holding that the common council, in
the exercise of its power to lay out and open a new street, and
in its performance of the condition precedent, that it "shall
judge the public good requires the same to be done," need not
declare such judgment. (*Guest* v. *City of Brooklyn,* 69 N. Y.
506; Code Civ. Pro. § 3360.) The doctrine that the assess-
ment and the proceedings immediately relating thereto cannot
be affected by errors or defects in the initial or prior proceed-
ings relating primarily to the condemnation of the lands taken
for the new street; and that "the plaintiff cannot invoke the
aid of the provisions of section 169," on the ground that they
"are intended as a protection to the land owners only," is
untenable. (15 N. Y. 512; 49 id. 587; 67 id. 538; 71 id.
309; 74 id. 183–188; 78 id. 362; *In re Pennie,* 108 id. 365.)
The election of the common council that the improvement
should not be abandoned, which they exercised prior to the
assessment, involved their election to abandon the assessment;
and this logical and legal necessity is avoided, in the opinion
of the General Term, only on an untenable assumption. (*In
re Perrine,* 108 N. Y. 365.) The distinction in respect of
lands owned by the state, between lands occupied by the Erie
canal and other lands of the state, seems to be without ground.

(*Hassen* v. *City of Rochester*, 67 N. Y. 528.) The judgment setting aside the assessment should be affirmed on all the grounds stated by the referee in his report. (Code Civ. Pro. § 1338; 78 N. Y. 218; 79 id. 409; 87 id. 514, 620.)

Parker, J. This action is addressed to the equitable jurisdiction of the court, for the purpose of securing the removal of an apparent lien on plaintiff's land and a cloud upon his title growing out of proceedings taken to open a street in the city of Rochester, which resulted in an assessment for special benefits of which plaintiff complains.

The General Term, in affirming the judgment rendered in favor of the plaintiff, have so thoroughly discussed the questions involved as to render it unnecessary for this court to do more than briefly state the ground which requires an affirmance of the judgment.

The common council, pursuant to the requirements of sections 170 and 172 of the revised city charter (Chap. 14, Laws of 1880), in the ordinance directing the assessment designated the portion of the city which they deemed would be benefited by the improvement, and commanded the commissioners of assessment "to make an assessment upon all the lots and parcels of land and houses within the portion or part of said city so designated of the said amount of expenses in proportion, as nearly as may be, to the advantage which each shall be deemed to acquire by the making of said improvement."

Upon the commissioners, therefore, devolved the duty merely of making the assessment within the territory designated in proportion to the benefits to be derived from the improvement.

They were bound to assume that every separate piece of real estate derived some benefit and advantage, for the common council had so determined. And they were without authority to modify such determination. (*Hassen* v. *City of Rochester*, 65 N. Y. 516; 67 id. 528.)

But the commissioners, in disregard of the determination of the common council that all of the lands embraced within the

designated limits would be specially benefited by the improve-
ment, proceeded to divide the territory into two districts, one
of which they decided would receive a special benefit from
such improvement and the other a general benefit.    The sub-
district deemed specially benefited, they assessed by apportion-
ing to and upon each lot a sum per foot front, without refer-
ence to the value of the buildings or improvements thereon.
The amount of the assessment upon the subdistrict deemed
generally benefited they placed thereon, by a general assess-
ment by percentages on the real property therein, taking the
valuations from the last assessment-roll for general city and
county taxes, making changes of value in accordance with
their judgment, and placing different percentages upon the
various streets, having reference to their location with respect
to the improvement.    The referee has so found, and the Gen-
eral Term has approved the finding.    The effect of such
unauthorized action was to contract the area of special benefits
as determined by the common council.    Within the lines
prescribed by that body, the commissioners arbitrarily estab-
lished another line, and beyond its confines they determined
there were no special benefits, but only general benefits, and
upon which they proceeded to make an assessment by a totally
different rule than that adopted in the subdistrict which they
decided to be specially benefited.

Plaintiff's lands were situate in the subdistrict which the
commissioners arbitrarily determined would derive special
advantage as against the residue of the designated territory.

Presumptively, therefore, his assessment was increased by
the determination not to assess for special benefits in the other
subdistrict, and he is entitled to an adjudication that the
assessment is illegal because of the failure on the part of the
commissioners to comply with the ordinance and with the
requirements of the statute.

The judgment should be affirmed.

All concur, except Bradley and Haight, JJ., not sitting.
Judgment affirmed.