DIOCESE OF BUFFALO v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.  November 12, 1901.)

PRELIMINARY INJUNCTION—GROUNDS—RAILROADS—USE OF PUBLIC GROUNDS.
    Defendant had operated its railroad for 20 years over public grounds, when plaintiff, an owner of adjoining property, commenced an action to enjoin such use as without legal right. Pending the action plaintiff applied for a preliminary injunction restraining defendant from operating its road over the ground in question, and from laying any additional tracks thereon, as it was preparing to do. Defendant, having been prevented by the authorities of the city from laying such additional tracks, disclaimed any further intention to do so until the trial of the action. *Held*, that plaintiff was entitled to the injunction so far as related to the new tracks, but not to stop the use of the old tracks.

Appeal from special term, Erie county.

Action by the diocese of Buffalo against the New York Central & Hudson River Railroad Company. Appeal from an order denying application for an injunction pendente lite. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

John Cunneen, for appellant.
Charles A. Booley, for respondent.

WILLIAMS, J. The order appealed from should be reversed, and the application granted, so far as to restrain the defendant, during the pendency of the action, from enlarging, extending, or increasing its Terrace Depot, and from constructing or using addi-

tional switches, turnouts, or tracks in the Terrace, without costs of this appeal to either party. Without attempting to recite the facts at length, as they appear in the record, it is sufficient to say that the plaintiff owns school property facing on the Terrace, an open space in the city of Buffalo nearly 200 feet wide, which was thrown open to the public by the Hollan Land Company prior to 1826. The defendant is operating a steam railroad along through the Terrace in the same manner in which it has been continually operated since 1879. The plaintiff claimed the railroad was being operated through the Terrace without legal right, and September 20, 1899, brought this action to restrain such operation. Only a summons was served then, however, and the action was allowed to rest until November, 1900, when the defendant, anticipating an increased traffic along the line during the Pan-American Exposition, to be held in Buffalo the following year, took proceedings to increase its facilities for doing business, by enlarging its depot, and constructing new tracks, switches, and turnouts in the Terrace. It asked the city of Buffalo for consent to such improvements, but the city has never yet granted such consent. Thereupon, in March, 1901, the plaintiff served its complaint in the action, and made the application in question, for an order not only restraining the defendant from making new improvements in the Terrace, but also from operating its road as it is, and as it has been operated since 1879.

Upon the argument in this court, defendant's counsel stated that, after the order appealed from was made, the defendant attempted to make the new improvements, but was prevented from doing so by the city authorities, and thereupon desisted and removed its material, and proposed to await the trial of the action. This being the condition of things, this court should provide that the parties be left as they are until the action is tried. We ought not, in advance of the decision of the case, to restrain the operation of the railroad in the manner it has been operated for many years. The plaintiff can wait. It did wait from September 20, 1899, until March, 1901, without applying for any injunction, or even serving its complaint in the action; and it only then revived the action and applied for an injunction, apparently, because the defendant was proposing to add to the buildings and tracks in the Terrace. On the other hand, the defendant seems to be entirely willing to await the trial of the action on the merits before making its improvements, and we think it should be made entirely certain that it will so wait by making an injunction order to that extent.

Without, therefore, attempting to pass upon the real legal rights of the parties involved in the action, the order appealed from should be reversed, and the application granted, so far as to restrain the defendant during the pendency of the action from enlarging, extending or increasing its Terrace Depot, and from constructing or using additional switches, turnouts, or tracks in the Terrace, without costs of this appeal to either party. All concur.