THE TOWN OF CORTLANDT, Plaintiff, *v.* THE NEW YORK CEN-
TRAL RAILROAD COMPANY, Defendant.

Second Department, October 20, 1916.

Railroad — obligation to maintain roadway of highway bridge — Rail-
road Law, section 93, construed — substitution of new bridge for old
— proof necessary to recovery.

Where a railroad company has built a bridge conducting a public high-
way over its tracks in place of an old highway bridge which was con-
structed prior to 1897, a town, in order to charge the railroad with the
duty of repairing the roadway of the new bridge under the exception
contained in section 93 of the Railroad Law, must show that the railroad
company was obliged to maintain and repair the roadway of the former
bridge for which the new bridge is a substitute, and, failing in such
proof, cannot impose the obligation upon the railroad.

REARGUMENT of submission of a controversy pursuant to sec-
tion 1279 of the Code of Civil Procedure.   (See 171 App. Div. 921.)

*Nathan P. Bushnell,* for the plaintiff.

*George H. Walker* [*Crosby J. Beakes* with him on the
brief], for the defendant.

JENKS, P. J.:

This is a submitted controversy which presents the sole ques-
tion whether it is the duty of the defendant to repair the roadway
of a certain bridge.   Before September 28, 1905, there was a
public highway in the town of Cortlandt which crossed defend-
ant's right of way and was carried over defendant's tracks by
a bridge.   Such bridge was constructed and used for several
years prior to January 1, 1897.   In September, 1905, the local
authorities of the town permitted the defendant to make a tem-
porary change of such overhead crossing.   Between 1906 and
1910, at the instance of the defendant, the old highway was
discontinued and a new highway was substituted nearby,
which included a new overhead bridge.   These changes were
made necessary solely by the defendant's establishment of
yards, tracks, repair shop, etc., at Harmon, and by defendant's
work of excavation for sand.   The new bridge was constructed
by the defendant, and now forms part of a public highway of
the said town of Cortlandt in place of the said former highway.

Section 93 of the Railroad Law provides that, when a highway crosses a railroad by an overhead bridge, the framework and the abutments of the bridge shall be maintained and kept in repair by the railroad company, and the roadway on the bridge and the approaches thereto shall be maintained and kept in repair by the municipality, "*except that in the case of any overhead bridge constructed prior to the first day of July, eighteen hundred and ninety-seven, the roadway over and the approaches to which the railroad company was under obligation to maintain and repair, such obligation shall continue.*" (See Consol. Laws, chap. 49 [Laws of 1910, chap. 481], § 93, as amd. by Laws of 1913, chap. 744, and Laws of 1916, chap. 484.)

The plaintiff contends that the duty to repair the bridge, including the replanking of it, is cast upon the defendant perforce of the said exception. I think that the present bridge, in the eye of the law, was constructed prior to July 1, 1897, because admittedly it is but a substitute for a bridge which had been constructed before that time. But he who relies upon the exception cannot rest upon showing that the bridge was constructed prior to July 1, 1897, but he must go on to show that the railroad company was obliged to maintain and to repair the roadway and approaches of that bridge. For such is the express limitation of the exception. I think that the obligation of the railroad company was confined to a bridge which had been necessary to continue an existing highway because that highway had been interfered with by the railroad company in the construction, maintenance and working of its railroad. (See *Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210.) The physical facts that a highway is continued by a bridge, and that beneath the bridge lies the right of way, the tracks and the like, of a railroad company, do not justify the conclusion that the bridge was made necessary by the railroad company in the construction, maintenance and working of its system.

The origin of the old bridge is not told. This case was continued that the parties might look into it. And now the learned and able counsel for the plaintiff states with commendable frankness in his brief upon the resubmission: "There is no proof when this old bridge was constructed or by whom

it was constructed." "There is no proof that it was constructed for the purpose of carrying the highway over the railroad." The case is barren of any proof that the railroad was ever under obligation to maintain such roadway. On the other hand, the defendant has submitted a deed (with a map) made in 1847 to the predecessor of the defendant, which has some probative force, from expressions and omissions, for the conclusion that the bridge was not built in restoration of a highway which had been interfered with by the railroad company.

The present scheme applicable to such a bridge requires the railroad company to maintain and to repair the framework and the abutments, and the municipality to maintain and to repair the roadway and the approaches. (Railroad Law, § 93; *City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 142; *Matter of City of New York* v. *N. Y. C. R. R. Co.*, 168 App. Div. 6; affd., 216 N. Y. 722.)

The plaintiff has failed to shift its burden upon the defendant by invocation of the exception which I have quoted, and, therefore, there must be judgment dismissing the complaint, without costs, in accord with the terms of the submission.

THOMAS, STAPLETON and PUTNAM, JJ., concurred; MILLS, J., not voting.

Judgment dismissing the complaint on reargument, without costs.