In the Matter of the Application of GEORGE W. HENNER and Others, Petitioners, for an Order with Reference to a Certain Ordinance of the City of Rochester, Respondent, and an Assessment Roll Based Thereon.

Supreme Court, Monroe County, July 23, 1925.

Taxation — assessment — proceeding pursuant to Rochester city charter, Laws of 1907, chap. 755, § 203, to have ordinance providing for assessment of entire cost of paving approaches to overhead railroad bridge in said city made against petitioner declared null and void — lands of railroad company subject to said assessment — bridge was originally constructed to overcome interference by operation of railroad with then existing highway — railroad owes duty to erect said bridge and approaches — fact that taxes have been assessed against railroad, city, or taxpayers for erection of said bridge does not relieve railroad from performance of said duty — ordinance and assessment invalid.

Petitioners, in a proceeding under section 203 of the Rochester city charter (Laws of 1907, chap. 755), to have an ordinance providing for the payment of the cost of paving the approaches to an overhead railroad bridge in said city and the assessment made thereunder declared null and void, are entitled to a judgment, where it appears that the bridge was originally constructed under a contract with the city in order that the existing highway might be continued, it having been interfered with by the railroad company in the operation of its railroad; that the present bridge was erected to obtain a higher clearance for railroad traffic beneath it and the approaches to said bridge were made necessary by the erection thereof. The bridge, having been erected by the railroad in the first instance in pursuance of a duty then imposed by statute, it is bound to maintain said bridge and its approaches as the needs and safety of the public require. The fact that taxes have been assessed against the railroad company, the city or the taxpayers for the erection and maintenance of the bridge or its approaches, neither relieves the railroad company from the performance of said duty nor is available to said railroad company either by way of waiver or estoppel.

PROCEEDING under section 203 of the charter of the city of Rochester to have an ordinance and the assessment made thereunder declared null and void.

*Wile, Oviatt & Gilman,* for the petitioners.

*Albert O. Shepard,* for the respondent.

THOMPSON, J.:

To provide for the payment of the cost of paving the approaches to an overhead bridge in the city of Rochester, the common council

passed an ordinance providing that the expense thereof should be assessed against " One tier of lots and parcels of land on each side of Main Street East, from Circle Street to Goodman Street." The petitioners are owners of about 700 feet of this frontage, and against it the entire cost of the improvement has been assessed. The New York Central and Hudson River Railroad Company is the owner of 222.18 feet of such frontage and against its property the sum of twenty cents has been assessed. This is a proceeding under section 203 of the Rochester city charter (Laws of 1907, chap. 755) to have the ordinance and the assessment made thereunder declared null and void.

Upon the assessors devolved the duty merely of making the assessment within the territory designated in accordance with the provisions of the ordinance. Their duties were purely ministerial and they were bound to assume that each separate piece of real estate derived some benefit and advantage, for the common council had so determined, and they were without authority to modify such determination. (*Ellwood* v. *City of Rochester*, 122 N. Y. 229, 236; Charter of City of Rochester, §§ 191, 203; *Joslyn* v. *City of Rochester*, 66 App. Div. 622. See unreported opinion of NASH, J., below, in Vol. 1011 Cases and Points, p. 11, Fourth Department Appellate Division Library.)

It is not contended that the lands of the railroad company are exempt from assessment for a local improvement as right of way under the holding in *N. Y., N. H. & H. R. R. Co.* v. *Vil. of Port Chester* (149 App. Div. 893; affd., 210 N. Y. 600), it appearing that they are at present devoted to siding, storage tracks and general railroad yard purposes, and not exclusively to right of way uses, thus being subject to assessments for local improvements if properly levied. (*N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers*, 238 N. Y. 165, 172.)

But these petitioners cannot be taxed for the paving of these approaches in any event. The construction of the bridge in the first instance was made necessary in order that the existing highway might be continued, it having been interfered with by the railroad company in the construction, maintenance and working of its railroad. While there was a definite contract entered into between the railroad company and the city, in no sense can this contract be said to have limited or reduced the duty laid upon the railroad company by the statute. In this relation it would have to be determined that the contract was made in view of the law, and in such manner the law became a part of the contract. Therefore, it must be held that the bridge was erected by the railroad in pursuance to the duty that the statutes then in force imposed upon

it to restore the highway to its former state of usefulness and to preserve it in such shape. " *And such duty is a continuous one.*" (*City of Mt. Vernon* v. *N. Y., N. H. & H. R. R. Co.*, 232 N. Y. 309, 317.)

Increase in population or business on the highway which renders the same inadequate for the needs and safety of the public casts upon the railroad company the duty to make such changes as are reasonably necessary to provide for the needs of the public in such instances. Moreover the duty of the railroad company in such cases includes the approaches to the bridge as well as the bridge. (*Matter of City of New York* [*Park Lane South*], 206 App. Div. 269, 272.)

It must be observed that the city later erected a bridge in the place of the first bridge built by the railroad company, the expense of which was assessed as a tax. It should be remembered, however, that this tax was assessed directly by a special act of the Legislature (Laws of 1905, chap. 676) and was sustained by the courts upon the theory that the Legislature had the absolute and complete power to finally determine that the improvement should be made; the amount to be raised to pay the expenses thereof; the territory benefited thereby and the amount to be levied against the various classes of persons and property in that locality.

The power of taxation being legislative, all of its incidents are within the control of the Legislature. The purposes for which it shall be levied, the extent, the apportionment, upon what property or class of persons it shall operate, are all matters within the discretion of the Legislature and in respect to which its determination is final. These things may be committed to commissioners or assessors, but the Legislature is not bound to so commit them. It may determine them itself and having done so its action is not open to review by the courts. It cannot be shown to be even mistakenly unjust. Consequently no mention of the duty the railroad company owed to erect and maintain this bridge and its approaches, either statutory or contractual, is found in the court's decision in the action brought to test the validity of this legislation. (*N. Y. C. & H. R. R. R. Co.* v. *City of Rochester*, 129 App. Div. 805; affd., 198 N. Y. 570, on opinion of WILLIAMS, J., in the court below.)

In 1920 the third and present bridge was erected by the railroad company. There is no claim or showing that a new bridge was needed or desired for any purpose except to obtain a higher clearance for railroad traffic under it. The pavement on the approaches was in good order, but the erection of the new bridge made their repaving necessary.

The bridge in suit, in the eye of the law, was constructed prior to July 1, 1897, because admittedly it is but a substitute for, or the

successor to, a bridge which was erected in 1879. It spans the railroad company's yards and tracks on Main street in the city of Rochester, and was first built by it, as required by law, because the highway had been interfered with, and the bridge made necessary, by the construction, maintenance and working of its system. (Railroad Law of 1890, § 64, as added by Laws of 1897, chap. 754, § 93; *Town of Cortlandt* v. *N. Y. C. R. R. Co.,* 175 App. Div. 194.)

The fact that taxes have been assessed against the railroad company, the city, or the taxpayers, for the erection or maintenance of the bridge in suit, or its approaches, is not available to the railroad company either by way of waiver or estoppel against the public to excuse it from the performance of the duty which the law requires of it, or of any covenant contained in its contract with the city. Nor have proofs or consideration of any character been offered by force of which the city or its taxpayers are bound to meet this expense, or the railroad company relieved from it. (*City of Mt. Vernon* v. *N. Y., N. H. & H. R. R. Co., supra,* 319.)

It follows that the ordinance as well as the assessment must be held to be invalid and void, and the prayer of the petition granted, with costs to the petitioners. So ordered.