In the Matter of the CITY OF MOUNT VERNON, Petitioner, against BENJAMIN F. FEINBERG et al., Constituting the Public Service Commission of the State of New York, et al., Respondents.— Proceeding in pursuance of article 78 of the Civil Practice Act to review a determination by the Public Service Commission. The general policy of the State on apportionment of maintenance costs of bridges carrying streets over railroads is stated in section 93 of the Railroad Law. The framework shall be maintained by the railroad; the roadway and approaches by the appropriate municipality. An exception is provided as to bridges " constructed " prior to July 1, 1897. As to those bridges, where the railroad had before then the obligation of maintenance of roadway, the obligation continues. A bridge was constructed in Mount Vernon carrying a street over tracks of the New York, New Haven & Hartford Railroad in 1894. Under a prior written agreement with Mount Vernon the railroad was obligated to repair the bridge. In 1937 under the direction of and in accordance with plans approved by the Public Service Commission, a new bridge was built on that site, utilizing only a portion of the abutments of the old bridge. The question raised here is whether such a bridge is one " constructed " prior to July 1, 1897. The city's proceeding before the Public Service Commission was to require the railroad to paint portions of the bridge, which portions concededly fall within the roadway maintenance rather than maintenance of framework and abutments and the question the city wants to have determined favorably to it is the obligations of the railroad for the full maintenance of the bridge. The commission ruled that this part of the work of maintenance was not the obligation of the railroad. We think the commission was right in this respect. The general policy of the State is that the city should maintain this part of the bridge, and the exception, literally read, relates only to bridges " constructed " before

July 1, 1897. The bridge here in issue took the place of an older bridge, but it was not "constructed" until 1937. Even if interpretation of the statute were debatable, the commission's construction of the language would be sustained unless plainly unreasonable. The most petitioner shows is a debatable question on how the statutory language should be read. The courts in using the term "substitute for a bridge" in *Town of Cortlandt* v. *New York Central R. R. Co.* (175 App. Div. 194, affd. 220 N. Y. 598) and similar language in *Matter of Henner* (125 Misc. 472) used it as dicta in cases which turned on other issues. Determination of the commission unanimously confirmed, with $50 costs to be divided between respondents commission and railroad, and with disbursements to each. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ. [See 200 Misc. 720.] [See *post*, p. 902.]