■ MARK VINCE, Respondent, v BOSTON & MAINE CORPORATION, Appellant, and COUNTY OF RENSSELAER et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court (McDermott, J.), entered November 15, 1988 in Rensselaer County, which, *inter alia,* denied defendant Boston & Maine Corporation's motion for summary judgment dismissing the complaint against it.

Plaintiff was seriously injured on April 24, 1984 while riding as a passenger in the rear seat of a motor vehicle operated by defendant Willard H. Stuart, Jr. along Rensselaer County Route 95. Stuart failed to negotiate a curve on the approach to a railroad bridge owned by defendant Boston & Maine Corporation (hereinafter B & M) and the vehicle skidded off the side of the bridge through a chain-link fence and fell approximately 25 feet to the bed of an abandoned railroad track, landing on its roof.

In this action, B & M is charged with negligence in the maintenance of its bridge and appeals from the denial of its motion for summary judgment dismissing the complaint against it pursuant to Railroad Law § 93. That statute, in pertinent part, provides that 10 days' written notice of any defect be given to the owner of an overhead railroad bridge built prior to 1897 before liability may attach.

We affirm. The record demonstrates the existence of substantial issues of fact. It is contended by B & M that the bridge in question was constructed prior to 1897, yet other records maintained by B & M suggest the bridge was built or rebuilt in 1913. Moreover, there are State Department of Transportation and Federal Department of Transportation records which indicate the bridge was built in 1950 and rehabilitated in 1965. B & M also contends that, in any event, the duty to maintain the chain-link fence through which the Stuart vehicle passed was upon defendant County of Rensselaer, the municipality responsible pursuant to the provisions of Railroad Law § 93. Such an interpretation of the statute would depend upon whether the fence is part of the roadway, for which the municipality is responsible, or is an abutment to the bridge (see, Railroad Law § 93; *City of Mount Vernon v Feinberg*, 280 App Div 848, *lv denied* 304 NY 989; *see also, Burchard v Payne*, 233 NY 671). These and other questions of fact related to maintenance, repair, notice and proximate cause mandate affirmance. Additionally, we must reject B & M's argument that plaintiff is collaterally estopped from bringing this action because of a finding of negligence against Stuart in an action brought in Vermont, since the issues in that action were founded upon a theory of negligent entrustment, a concept that is not incompatible with the imposition of liability upon B & M in this action (see, *Vince v Wilson*, 151 Vt 425, 561 A2d 103).

Order affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.