In the Matter of the Petition of MARSHALL O. ROBERTS to Vacate an Assessment.

The corporation of the city of New York has power to grade a street at its own expense, and after the work is done to assess the costs and charges upon the lands benefited, and to collect the same, as in the case of an estimate and assessment before the work is begun.

Where such an improvement is thus ordered to be done by the common council, it is not required that there should be an estimate and assessment until the work is done.

The board of assessors having, therefore, authority to make an assessment in such case, the board of revision and correction has authority to confirm an estimate and assessment made by the former board.

It is not necessary that there should be any action of the common council confirming the estimate and assessment to give it validity; the confirma-

tion must be by that particular member of the corporate body having the lawful power to revise and correct or confirm    The authority to act is in the municipality and is to be exercised through the subordinate body to whom it is delegated.

*Manice* v. *The Mayor* (8 N. Y. 120), distinguished.

When the common council passes an ordinance for the doing of such work it thereby ordains a tax.

The board of assessors and the board of revision and assessment do not tax but only determine what amount thereof shall be paid by each person benefited.

The provision of the act of 1861 creating the board of revision and assessment (Ch. 308, Laws of 1861), which provides that if the said board does not finally act upon the report of the board of assessors within thirty days it shall be held confirmed, is separable from that providing for confirmation by said board of revision; and if the former provision is unconstitutional and void, it does not affect the latter.

The common council, by ordinance, directed such a work to be done, and that the expense be assessed on the property benefited.    On motion to vacate the assessment, the ordinance was claimed to be void because it purports to direct a tax regardless of the question whether the benefit equaled the expenditure ; *held*, untenable ; that in the absence of any allegation or proof to the contrary, it was to be assumed that the legislative judgment was that the benefit would be as great as the cost.

The report of the board of assessors recited that they were directed by the ordinance "to make a just and equitable assessment of the expense" among the owners, etc., "in proportion to the advantage which each shall be deemed to acquire" ; it then declared that the board had "made a just and equitable assessment thereof," following which was the assessment list.    The assessment was claimed to be void because the assessors did not state in terms in their report that they had assessed those benefited, and in proportion to benefit.    *Held*, untenable ; that in the absence of an allegation that the assessors had varied from the legal rule, and in a proceeding to vacate the assessment, it could not be held void because of the absence from the report of a mere form of words.

(Argued February 24, 1880 ; decided June 1, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying an application to vacate an assessment upon the property of the petitioner for regulating, grading, etc., Eighty-second street, in the city of New York.    (Reported below, 17 Hun, 539.)

The facts pertinent to the points discussed are sufficiently set forth in the opinion.

*John J. Townsend* for appellant. The certificate of the board of assessors was unofficial and unauthorized. (Ch. 88, Laws 1787, §§ 4, 6 ; ch. 86, Laws 1813, § 175.) The board of revision and correction has no original taxing power ; it can only revise or confirm what the assessors have done. (Laws 1872, ch. 580, § 6 ; 2 Sandf. S. C. 250, 348, 389.) The board had no power to confirm this assessment list because it was extra official. (2 Sandf. S. C. 342 ; 8 N. Y. 121 ; *Woods* v. *Reed*, 2 Mees. & Wels. 777, 785 ; *Rex* v. *Church-wardens, etc.*, 6 N. & M. 333–338 ; *Attorney-General* v. *Lich-field*, 5 Exch. 862–876 ; 17 L. J. Ch. 472.) The tax is void, because the assessors only certified that they had made, according to law, a just and equitable assessment ; they should have certified that they have assessed those benefited in proportion to benefit. ( *Warren* v. *Grand Haven*, 30 Mich. 24 ; *Schofield* v. *Lansey*, 17 Mich. 437, 448 ; *State* v. *Jersey City*, 36 N. J. Law, 194 ; *State* v. *Hoboken*, id. 291, 292.)

*Hugh L. Cole* for respondent. The board of assessors had authority in the premises, and exercised that authority according to law. (Chap. 302, Laws of 1859 ; *Manice* v. *Mayor*, 8 N. Y. 120 ; *Wetmore* v. *Campbell*, 2 Sandf. 340 ; *Beekman's Petition*, 1 Abb. [N. S.] 449 ; *Matter of Babcock*, 23 How. Pr. 118 ; *Matter of Eager*, 46 N. Y. 109.) The fact that the common council did not confirm the assessment is not a fraud, or such substantial error within the meaning of the act of 1858 and its amendments, as will entitle this petitioner to have it set aside. (*Matter of Zborowski*, 68 N. Y. 104 ; *Matter of Rhinelander*, id. 108.) The power to impose taxes for the general purposes of the State must doubtless be exercised directly by the Legislature, and is subject to certain restrictions ; but the power to impose taxes for local purposes may be delegated. (Cooley's Constitutional Limitations, 190 ; Burroughs on Taxation, §§ 4, 6, 27, 30, 91, 128, p. 372.)

FOLGER, Ch. J. The common council passed an ordinance that Eighty-second street be regulated and graded. It recited

that it was deemed necessary for speed in execution of it that the work be done at the expense of the city, but on account of the persons on whom the same might be assessed. It, therefore, further enacted that the board of assessors make an assessment thereof on the owners of property in proportion to the advantages acquired from the work.

It is claimed that the board of assessors have no authority by law to make an assessment in such case; and the illegality of the exercise of power by them is said to consist in the doing of the work by the city before the assessors have made an estimate of what it will cost, and have laid an assessment thereof. This point has been adjudicated against the appellant in this court. In *Manice* v. *The Mayor* (8 N. Y. 120), it was held that by statute the city had the power to determine to grade a street, or to do public work of that kind, and to execute the work at its own expense, and after it was done, to assess the costs and charges and collect the same, as in the case of an estimate and assessment before the work was begun. That case arose about the year 1850 and was decided in 1853. The learned counsel for the appellant cites to us no statute that takes away the legislative authority then said to have been given to the city. Nor do we find that the case has been questioned in this court. This disposes of the first point made in this court.

It follows that if the city can lawfully take that course, there can be no estimate and assessment before the work has been begun; and that there need not be any, as a legal requirement, until after it has been done. Indeed, such are the words of the opinion in the case just cited. This disposes of the second point made by the appellant in this court. ·

The third point of the appellant hinges upon the same matter. It is that the board of revision and correction has no jurisdiction to confirm such an estimate and assessment of the board of assessors, because the latter is unofficial and unauthorized. As it appears from the case cited that it is official and authorized, the former board has the jurisdiction to revise, correct and confirm it.

The learned counsel for the appellant claims that the true point of the decision above cited is this: that the city may begin, proceedings for a street improvement by a preliminary estimate and assessment in a regular way, yet may give up and abandon them; and that having done some work at the public expense, the corporation may afterward tax the expenditure. The language of GARDINER, J., in delivering the opinion in that case, is almost of the tenor of what we have given above as decided therein. If we understand aright the point of the learned counsel, it is this: that in such case there must be, after the work is thus done, some action of the common council confirming the estimate and assessment made by the board of assessors; that the action of that board is unofficial and unauthorized, but may be adopted by the common council by resolution or ordinance; and that thereby the taxing authority of the city is legitimately exercised; and by that way alone. We do not so read that case. True, the common council did there confirm the estimate and assessment of the board of assessors. No stress is laid upon the fact that it was the common council that did it. In the reporter's statement of the case it is said that it was confirmed by the corporation. No stress is laid in the opinion upon the fact that the common council made the confirmation. The common council was then the body by which the corporation acted in making confirmation of the action of the board of assessors. The pith of the decision in that case is not that confirmation was made by a particular body, but by the body having the lawful power to revise and correct, or confirm. Since then, by legislative amendment to the charter, the power to revise and to confirm has been lodged elsewhere. It is still the common council that ordains that the work shall be done, that a tax shall be levied, that the board of assessors shall make the assessment; but the board of revision and correction has been put in the place of the common council, to pass upon the action of the board of assessors, and to correct or confirm it. Action by the board of revision is action by the corporation. The authority to act is a corporate authority; the authority to act exists as and where it always did, in the muni-

cipality; it is exercised through one subordinate body at one time, and through another such body at another time.   We are not able to sustain the point of the learned counsel.

Another point of the appellant is that the ordinance is void because it purports to direct a tax for the expenditure, regardless of the question whether the benefit equals the expenditure. By this point it is asserted that it must be determined among the first things to be done, that the benefit of the proposed work to adjacent property will equal or go beyond the expense of the work; and that no body but the common council can determine that question.   The principle that the amount of expenditure to be assessed upon an adjacent owner must not be more than the benefit he gets from the work done we need not affirm or question now.   We do not perceive how the principle is brought into play in this case. The petitioner does not allege as a ground for relief that he is assessed more than he has been benefited.   We have found no proof in the appeal-book that he is.   The common council, in which was the authority, ordered the work to be done, and that the expense of it be assessed on the property benefited.   In the absence of allegation and proof, we must assume that this legislative act was done with legislative prevision, and that the legislative judgment was that the benefit would be as great as the cost.   Certainly we cannot say that it was not, without some facts on which to rest.

Another point of the appellant is that the power to tax, primarily in the State Legislature, may not be delegated to the three officers of the corporation who *ex officio* form the board of revision and correction.   We have already treated the question in speaking of another point.   That board does not tax. It fixes the amount of tax to be paid by each piece of property.   When the common council passes an ordinance for the doing of such work, it thereby ordains a tax.   The board of assessors and the board of revision only say what part thereof shall be paid by each one touched by it.

Another point of the appellant is that the act of 1861, which provides for the board of revision, is unconstitutional, be-

cause it declares that if that board does not finally act upon the report of the board of assessors in thirty days, the action of the inferior board shall be held confirmed by the lapse of time. We need not pass upon that question. In this case the board of revision confirmed the report of the board of assessors before ten days had gone by. The provision for confirmation by lapse of time is separable from that for confirmation by the board of revision; and even if the former be void, the latter will stand.

Another point made by the appellant is that the assessment is void because the assessors did not state in their report in terms that they have assessed those who are benefited and in proportion to benefit. If they did not thus assess, it may be conceded for this occasion that their action was illegal. It does not appear affirmatively that they did not. Their report recites that they were directed by the ordinance "to make a just and equitable assessment of the expense * * * among the owners and occupants of all the houses and lots intended to be benefited, in proportion, as nearly as may be, to the advantage which each shall be deemed to acquire," and declares "that they have according to law made a just and equitable assessment thereof," and gives a list of the owners or occupants, the description of the property, and the amount of assessment on each lot. It is seen that they vary from what it is said that they should have stated, only in giving a conclusion instead of the fact. They say that they have according to law made a just and equitable assessment. They could go according to law and make an assessment of that kind only by assessing those benefited in proportion to that benefit. And as they have stated just what sum they imposed upon each lot, they have given the means of finding out whether they have varied from the legal rule. There is no allegation that they did vary. We think that in such case, and in a proceeding under our statutes for vacating assessments, it would be going too far to hold the assessment void, for the absence from the report thereof of a form of words. (*In re Heb. Orphan*

*Asylum*, 70 N. Y. 476; *In re Bassford*, 50 id. 512; *In re Eager*, 46 id. 100.)

We have not looked carefully to see whether the points presented on argument were raised by the petition to vacate. Therefore this case must not be considered as a departure from those which hold that the petitioner is to be confined to the special allegations of his petition. (*In re Eager*, 46 N. Y. 100–109.)

The order appealed from should be affirmed.

All concur; MILLER, J., concurring in result.

Order affirmed.