THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY,
Appellant, *v.* LOUIS F. HAFFEN, as Commissioner of Street
Improvements of the Twenty-third and Twenty-fourth Wards of
the City of New York, and Others, Respondents.

*Filing of a map by municipal authorities showing streets through property does not
create a cloud on the title.*

The filing of a map by municipal officers, showing certain streets proposed to be
laid out through and over property not belonging to the municipality, does not
justify the owner of the property in applying for an injunction *pendente lite* to
restrain the municipal officers from so doing.

*Semble,* that the filing of such a map would not create such a cloud upon the title
to the property as would relieve a purchaser from completing a contract for its
purchase.

APPEAL by the plaintiff, The New York Central and Hudson River
Railroad Company, from an order of the Supreme Court, made at
the New York Special Term and entered in the office of the clerk
of the county of New York on the 5th day of August, 1895, deny-
ing its motion to continue an injunction *pendente lite* granted in the
action, and vacating and setting aside said injunction.

This action was brought by the plaintiff, the alleged lessee or
owner of certain premises, to obtain a judgment " that the said
defendant Louis F. Haffen, as Commissioner of Street Improve-
ments of the 23d and 24th Wards of the City of New York, be
perpetually restrained and enjoined from making, certifying or
filing the said surveys, maps, plans and profiles, or any surveys,
maps, plans and profiles, showing said East 153d Street, East 156th
Street and East 158th Street as laid out, or to be laid out, through or
across the said station grounds (of the plaintiff), or showing the said
East 161st Street as widened, or to be widened, on the southerly
side thereof by taking forty feet off from the northerly end of the
said station grounds, and from locating, laying out, constructing or
maintaining the said streets across the said station grounds, and that
the said defendants above named, as and together forming the
Board of Street Opening and Improvement of the City of New
York," etc.

*Ira A. Place,* for the appellant.

*George L. Sterling,* for the respondents.

PER CURIAM:

It is the plaintiff's contention that the maps showing certain streets through and over property belonging to it should not be filed by the defendants, because,

*First.* The plaintiff having acquired and used the lands for depot and station purposes, the city has no authority, without express statutory permission, to take such parcels for any other public use.

*Second.* The city is prohibited by section 957 of the Consolidation Act (Chap. 410 of the Laws of 1882) from laying out streets "through or upon the depot or station grounds of any railroad * * * unless with the consent of the said railroad company."

The claim of the plaintiff that the parcels of land in controversy constitute a part of the station of the Grand Central Depot is controverted by the defendants; and, after an examination of the record, the conclusion is reached that this question ought not to be passed upon by the court upon affidavits; that there ought to be, in justice to both parties, a decision of the controverted question of fact based upon testimony resulting from a trial of the issues, and not upon *ex parte* affidavits, and that such trial should be unembarrassed by any suggestions on this review which should appear to favor the contention of one or the other of the parties.

The affirmance of the order, without other comment, will accomplish this result, and at the same time work no injury to the plaintiff should its contention be sustained by the courts, for the filing of the maps will not harm the plaintiff if it shall finally be determined that the city has no right to open the streets described therein.

It has been held that the filing of such a map does not create such a cloud upon title as will relieve a purchaser from completing his purchase. (*Forster* v. *Scott,* 136 N. Y. 577; *Wagner* v. *Perry,* 47 Hun, 516.)

And certainly it cannot harm the plaintiff, as pending the final disposition of the suit it will have no occasion to dispose of the property affected.

An injunction *pendente lite* should not, therefore, have been granted.

The order should be affirmed, with ten dollars costs and printing disbursements.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.