from the evidence, and under the instructions of the court, that the defendant has exposed himself to the penalty of exemplary damages, you may award such an amount as, in your sound discretion, you may think right and proper. If you conclude that the plaintiff is not entitled to punitive damages, you will in that event award her such a sum as will be a fair and just compensation for the injury she suffered from the assault and battery.

This case is of importance, not only to the parties concerned, but to the public, for it reaches beyond those immediately interested in the result of your verdict, and touches the fundamental principles of civil liberty, upon which our social superstructure is built. I therefore beg that you will decide it without sympathy, prejudice, or passion, as I believe you will. You should not withhold justice from the plaintiff merely because she comes from the lower walks of life, nor should you inflict an injustice on the defendant for no reason other than that conditions may have made his social position in life superior to hers. . I deem it proper, before you retire to deliberate upon your verdict, to thank you sincerely for the strict attention paid by you to the proceedings, as well as for the exemplary patience exhibited by you throughout this lengthy trial. And you have cause for gratulation, gentlemen, on having had before you counsel who, while exhibiting just and commendable zeal in behalf of their respective clients, have not needlessly extended the case beyond its necessary limits. Your patient bearing justifies me in the belief that you will discharge your duties—the highest that fall to the lot of a citizen, under our form of government—conscientiously, considerately, and carefully.

The jury found a verdict in favor of defendant.

---

(11 App. Div. 99.)

REYNOLDS v. AETNA LIFE INS. CO. et al.

(Supreme Court. Appellate Division, Second Department. . December 30, 1896.)

1. SUPPLEMENTAL ANSWER—AFFIDAVIT.
    Under Code Civ. Proc. § 544, authorizing either party to serve a supplemental pleading, "alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made," a motion to serve a supplemental answer should not be granted unless it appears, by the moving affidavit or by the proposed supplemental answer, that facts material to the defense occurred or came to the knowledge of the moving party after his original answer was interposed.

2. SAME—LEAVE TO RENEW MOTION.
    Where leave to serve a supplemental answer is denied because the necessary facts do not appear with sufficient certainty in the supplemental answer or the moving affidavit, the denial should be with leave to renew, so as to give an opportunity to remedy the defect.

Appeal from special term, Kings county.

Action by Frank Reynolds, as receiver of Richard Worthington, against the Aetna Life Insurance Company and others, to set aside assignments of certain insurance policies, and to impress a trust on

the proceeds of the policies.    For further facts, see report on former appeal.    39 N. Y. Supp. 885.    From an order allowing the insurance company to serve a supplemental answer, the other defendants appeal.    Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James M. Fisk, for appellant Little, receiver.

William C. Davis, for appellants Margaret Worthington and others.

William S. Bennett, for respondent.

WILLARD BARTLETT, J.    The office of a supplemental pleading is only to set up material facts which have occurred since the party put in his former pleading or of which he was then ignorant. Code Civ. Proc. § 544.    The affidavit upon which the respondent's motion was based contains no statement that any of the facts alleged in the proposed supplemental answer served therewith, or any other facts which the respondent desired to set up by way of supplemental answer, had occurred or come to the respondent's knowledge since the original answer was interposed.    An examination of the proposed supplemental answer shows that the occurrences alleged in subdivisions 1, 2, 3, and 4 must have happened since issue was joined; but it is not perceived how any of these allegations, or all of them together, constitute a defense, or could be proved as defensive matter.    The allegation of subdivision 5, to the effect that the Aetna Life Insurance Company neither had nor has any interest in the litigation, except to pay the money in controversy to the proper claimant, is not the averment of any new or newly-ascertained fact.    Up to this point there is nothing in the proposed answer which has any proper place in a supplemental pleading.    In the remaining subdivisions, however, the pleader has attempted to set out matters which might bring the case within section 544 of the Code, if the facts were stated more directly and explicitly, and if it were made to appear, not only by what tricks and devices the payment of the insurance was obtained, but that the fact that it was so obtained was not known to the respondent when the answer was put in.    But, even if the matters in subdivisions 6, 7, and 8 constitute a defense in whole or in part, the respondent has failed to show that they were not all known to it before it answered in the first instance.    While, then, the order appealed from must be reversed, we think the respondent should have an opportunity to remedy the defect as to these last three subdivisions, if within its power to do so; and the order will therefore provide for leave to renew the application upon other papers, on payment of costs.

We have not overlooked the statement of respondent's counsel that the supplemental answer actually served differs in form from the proposed supplemental answer, as was permitted by the order under review; but we must pass upon the order on the papers which were before the special term, and determine whether it should or should not have been granted upon those papers, irrespective of any subsequent occurrence which does not appear in the appeal book.

Order reversed, with $10 costs and disbursements, but with leave to the respondent to renew the motion upon other papers, on payment of such costs.    All concur.