## REYNOLDS v. AETNA LIFE INS. CO. et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

SUPPLEMENTAL ANSWER—AFFIDAVIT.

An affidavit made by defendant's attorney is sufficient, under Code Civ. Proc. § 544, allowing a party to file a supplemental pleading "alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made," where it alleges that the facts have come to affiant's knowledge and to the knowledge of defendant since the original answer was served, and that none of them were known to him or to defendant when such answer was served.

Appeal from special term, Kings county.

Action by Frank Reynolds, as receiver of Richard Worthington, against the Aetna Life Insurance Company and others. From an order granting leave to defendant Aetna Life Insurance Company to serve a supplemental answer, defendants Worthington, Glover, Doman, and Little, as receiver, appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James M. Fisk, for appellant Little.
William C. Davis, for other appellants.
William S. Bennett, for respondent.

BRADLEY, J. The former order granting leave to the defendant insurance company to make and serve a supplemental answer was reversed because it had not the support of facts required by the statute and practice in such cases. Reynolds v. Insurance Co., 11 App. Div. 99, 42 N. Y. Supp. 1058. The statute provides for the permission of a defendant to make a supplemental answer "alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made." Code Civ. Proc. § 544. On the review of the former order there was an entire absence of proof by affidavit that any of the facts alleged in the proposed supplemental answer occurred after the original answer, or that the defendant insurance company was ignorant of any of them when it was made and served. In the present case that difficulty is overcome by the statement in an affidavit of the attorney for such defendant that the facts alleged in the proposed supplemental answer have come to his knowledge and to the knowledge of that defendant since the original answer was served, and that none of them were known to him or to that defendant or any of its officers when such answer was served. This constitutes a compliance with the statute on the subject, provided the proposed supplemental answer alleges any material facts. It does contain a statement of alleged facts, which, if sustained by proof on the trial, will permit the conclusion that the defendant is entitled to the relief sought against its co-defendants. It is unnecessary here to refer to the facts charged against them, which, it is alleged, induced this defendant to pay to the co-defendant Little, as receiver, money to which it is now alleged he was not entitled, and which it now seems the plaintiff then was, and yet is, entitled to recover of the defendant insurance company. Upon that assumption,

therefore, unless the defendant can obtain relief by way of reimbursement from its co-defendants, it may be subjected to the prejudice of paying twice the amount with which it was legally chargeable.

The affidavits in opposition to the motion for the order, and the contention of counsel founded thereon, are to the effect that the charge of collusion and fraud made in behalf of the insurance company is unfounded in fact, and that such defendant, before making the payment of the money to the defendant Little, as receiver, was advised and knew that the plaintiff asserted and claimed that he was entitled to the money due from the insurance company. The fact that the company paid the money to the defendant Little, and the fact that this action was brought to recover upon the same claim, are not questioned. They give some appearance of merit to the purpose of this defendant in seeking relief from the consequences of a double payment. It would be remarkable for the insurance company to pay this money to one party with knowledge of the facts which justified the claim to it made by another and antagonistic party. As the facts stated in the affidavit in behalf of the party moving for the order are sufficient to justify the granting of leave to serve the supplemental answer, the question whether or not the facts there alleged can be made available for relief for the reasons stated in the opposing affidavits is one which the court ought properly to decline to determine upon the motion, and permit the issues arising upon the matters alleged in the supplemental pleading to go to trial for determination. Tifft v. Bloomberg, 49 N. Y. Super. Ct. 323; Mitchell v. Allen, 25 Hun, 543; Bank v. Sonneborn, 6 N. Y. Wkly. Dig. 153.

The order should therefore be affirmed. All concur.