FRANK REYNOLDS, as Receiver of RICHARD WORTHINGTON, Plaintiff,
*v.* THE ÆTNA LIFE INSURANCE COMPANY, Respondent; MAR-
GARET WORTHINGTON, Individually, and as Administratrix, etc.,
of RICHARD WORTHINGTON, Deceased, JOSEPH LITTLE, as Receiver
of THE WORTHINGTON COMPANY, and Others, Appellants.

*Supplemental answer — what the affidavit, used on a motion for leave to serve it,*
*must contain.*

An affidavit of a defendant's attorney, upon a motion for leave to serve a supple-
mental answer, to the effect that the facts alleged in the proposed supplemen-
tal answer have come to his knowledge and to the knowledge of that defendant
since the original answer was served, and that none of them were known to
him or that defendant, or any of its officers when such original answer was
served, is a sufficient compliance with the requirements of section 544 of the
Code of Civil Procedure, where it appears that the alleged facts are material
to the issue, and if established upon the trial will permit the conclusion that
the defendant in question is entitled to the relief sought by it.

APPEAL by the defendants, Margaret Worthington, individually and as administratrix, etc., of Richard Worthington, deceased, and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of March, 1897, granting leave to

the defendant, The Ætna Life Insurance Company, to serve a supplemental answer.

*James M. Fisk*, for the appellant Little.

*William C. Davis*, for the appellants Margaret Worthington and others.

*William S. Bennet*, for the respondent.

BRADLEY, J. :

The former order granting leave to the defendant insurance company to make and serve a supplemental answer was reversed because it had not the support of facts required by the statute and practice in such cases. (*Reynolds* v. *Ætna Life Ins. Co.*, 11 App. Div. 99.) The statute provides for the permission of a defendant to make a supplemental answer " alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made." (Code Civ. Proc. § 544.) On the review of the former order there was an entire absence of proof by affidavit that any of the facts alleged in the proposed supplemental answer occurred after the original answer, or that the defendant insurance company was ignorant of any of them when it was made and served. In the present case that difficulty is overcome by the statement in an affidavit of the attorney for such defendant that the facts alleged in the proposed supplemental answer have come to his knowledge and to the knowledge of that defendant since the original answer was served, and that none of them were known to him or to that defendant or any of its officers when such answer was served. This constitutes a compliance with the statute on the subject, provided the proposed supplemental answer alleges any material facts. It does contain a statement of alleged facts which, if sustained by proof on the trial, will permit the conclusion that the defendant is entitled to the relief sought against its co-defendants. It is unnecessary here to refer to the facts charged against them which, it is alleged, induced this defendant to pay to the co-defendant Little, as receiver, money to which it is now alleged he was not entitled, and which it now seems the plaintiff then was and yet is entitled to recover of the defendant insurance company. Upon that assumption, therefore, unless the defendant can obtain relief by way of reimbursement

from its co-defendants, it may be subjected to the prejudice of paying twice the amount with which it was legally chargeable.

The affidavits in opposition to the motion for the order and the contention of counsel founded thereon are to the effect that the charge of collusion and fraud made in behalf of the insurance company is unfounded in fact, and that such defendant, before making the payment of the money to the defendant Little as receiver, was advised and knew that the plaintiff asserted and claimed that he was entitled to the money due from the insurance company. The fact that the company paid the money to the defendant Little, and the fact that this action was brought to recover upon the same claim, are not questioned. They give some appearance of merit to the purpose of this defendant in seeking relief from the consequences of a double payment.

It would be remarkable for the insurance company to pay this money to one party with knowledge of the facts which justified the claim to it made by another and antagonistic party. As the facts stated in the affidavit, in behalf of the party moving for the order, are sufficient to justify the granting of leave to serve the supplemental answer, the question whether or not the facts there alleged can be made available for relief for the reasons stated in the opposing affidavits, is one which the court ought properly to decline to determine upon the motion, and permit the issues arising upon the matters alleged in the supplemental pleading to go to trial for determination. (*Tifft* v. *Bloomberg*, 17 J. & S. 323; *Mitchell* v. *Allen*, 25 Hun, 543; *Deutsche National Bank* v. *Sonneborn*, 6 Wkly. Dig. 153.)

The order should, therefore, be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.