We think, therefore, that the order appealed from was entirely unauthorized, and that it should be reversed, with $10 costs and disbursements, and the application denied, with $10 costs. All concur.

NEW YORK CENT. & H. R. R. CO. v. HAFFEN et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. MUNICIPAL CORPORATIONS—OPENING STREETS—INJUNCTION—PRACTICE.
    Although the filing by the municipal authorities of maps showing proposed streets through private property cannot be enjoined at the instance of the owner, yet, if an action brought for that purpose seeks generally to prevent the taking of plaintiff's land for streets, plaintiff should be allowed, under Code Civ. Proc. § 544, to serve a supplemental complaint setting forth subsequent steps taken by the authorities to lay out the streets, which were alleged in the original complaint as threatened or intended.

2. SAME.
    This principle applies notwithstanding the existence of an act of the legislature authorizing the construction of a part of the improvements in question.

Appeal from special term.

Action by the New York Central & Hudson River Railroad Company against Louis P. Haffen, as commissioner of street improvement of the Twenty-Third and Twenty-Fourth wards of the city of New York, and William L. Strong, mayor, etc., and others. From an order denying a motion for leave to serve a supplemental complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Ira A. Place, for appellant.

George L. Sterling, for respondents.

O'BRIEN, J. This action was begun by the service of a summons, complaint, temporary injunction, and notice of motion to make it permanent. This motion was subsequently denied, and the injunction dissolved, and an appeal taken from the order thereon was affirmed, upon the ground that the filing of a map by municipal authorities, showing streets through property, does not create a cloud on title, and does not justify the owner of property in applying for an injunction pendente lite to restrain the municipal officers from so doing. 90 Hun, 260, 35 N. Y. Supp. 806. By the supplemental complaint, for leave to serve which this application was made, it is sought to set up the subsequent steps taken by the municipal authorities to lay out the streets. The principal ground against the granting of such an amendment urged below, and again urged here, is that it would introduce an entirely different question from that involved in the suit as originally brought. This contention was not sustained by the court below, and the motion was denied upon the express ground that it was competent, under the terms of the original complaint, to make proof of the very facts sought to be set up in the supplemental complaint, and practically that the supplemental complaint would be useless.

We agree with the court below in the first proposition, that the action as originally commenced was directed to restraining the making and filing of the maps and plans, and, in addition, to preventing the board of street opening and improvement from opening certain streets across the station grounds of the plaintiff.    But we do not assent to the view that the relief here sought would be useless, because the very argument advanced by the respondents here and below, that the action was directed solely to restraining the filing of the maps, shows that the service of a supplemental complaint would not be useless, for it would place beyond doubt any question as to the scope of the action. The setting up of such acts, in our opinion, does not introduce a new and independent cause of action into the complaint.    All the acts performed since the original complaint was served are alleged as threatened or intended by the original complaint; and all are but steps in what is really a single proceeding to accomplish the one thing which this action is brought to prevent, namely, the taking of the plaintiff's land for the purposes of public streets.    We know that in such proceedings there are successive steps:    First, the determining of where a street shall be, which is evidenced by the filing of a map; second, the acquisition of the land for the street; and, third, the actual construction of the street.    As a property owner cannot be injured by the filing of the maps, such act upon the part of any official should not be enjoined.    That, as we have seen, was the decision upon the former appeal.    But upon that appeal there was no determination upon the merits, nor is it necessary to determine now the question whether the acts performed in the appointment of commissioners and in proceeding to acquire title to the land can or cannot be enjoined.    In other words, we do not think it necessary, nor do we intend to discuss or determine the merits of the controversy.    The plaintiff is entitled to its day in court, and, under the ordinary practice relating to the service of supplemental pleadings, such relief is usually accorded unless good reasons to the contrary are shown.    Although the language of section 544 of the Code of Civil Procedure is mandatory, it has been construed to vest a discretion in the court to grant or refuse an application "as may be just and proper" in the particular case.    Fleischmann v. Bennett, 79 N. Y. 579.    And in Holyoke v. Adams, 59 N. Y. 237, it is said:

"So that it comes to this:    That generally a defendant has a right to set up, by supplemental answer, matter of defense which has occurred or come to his knowledge subsequently to the putting in of his first answer; but that he must apply to the court, by motion, for leave to do so, so that the opposite party may be heard, and the court may determine whether there has been inexcusable laches, or whether any of the reasons appear which are recognized as giving authority for denying the exercise of the general right in the particular instance. And the court must grant leave, unless the motion papers show a case in which the court may exercise a discretion as to granting or withholding leave."

As to the rule applied in a somewhat similar case, see Latham v. Richards, 15 Hun, 129.

The further insistence that this leave should not be granted because the legislature has passed an act (chapter 650 of the Laws of 1897) authorizing the construction of part of the contemplated improvement relating to the proposed viaduct across the yard at 153d

street does not affect our conclusion. We do not think that serious questions growing out of the diverse views in favor of and against the right to open these streets should be disposed of upon a motion; but, following the usual practice with respect to pleadings, the parties should be permitted to formulate their cause of action, and proceed to trial, and there have their rights in a more deliberate manner passed upon.

As no good reason was shown why the plaintiff should not be accorded the relief to which ordinarily a pleader would be entitled, we think the order below was wrong, and should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to plaintiff to abide the event. All concur.