MAYOR, ETC., OF CITY OF NEW YORK v. EAST BAY LAND & IMPROVEMENT CO.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

PLEADING—SUPPLEMENTAL ANSWER.
    Plaintiff sued defendant for rent for the use of certain water-front property, alleging ownership, and defendant denied plaintiff's title. Subsequently an order was entered confirming awards of the commissioners in a street-opening proceeding to defendant for a portion of the lands mentioned in the complaint. A motion was promptly made by defendant for leave to serve a supplemental answer setting forth these facts, and to show that the title to the land, or some portion of it, was in him. *Held* that, under Code Civ. Proc. § 544, providing that upon application of either party the court may, and in a proper case must, permit him to make a supplemental pleading alleging material facts occurring after his former pleading, the defendant was entitled to serve a supplemental answer.
    Patterson, J., dissenting.

Appeal from supreme court, special term, New York county.

Action by the mayor, aldermen, and commonalty of the city of New York against the East Bay Land & Improvement Company. From an order denying motions for leave to serve a supplemental answer, defendant appeals. Reversed.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Louis Marshall, for appellant.
Theodore Connoly, for respondent.

O'BRIEN, J. This action was commenced on February 25, 1893, by the city of New York, to recover $39,987.50, with interest, for rent alleged to be due for the use of certain water-front property in the Twenty-Third ward, situate on Leggett's creek. The amended an-

swer was served on February 24, 1894, denying the plaintiff's title to the lands for the use of which by the defendant rent was claimed. As the result of a street-opening proceeding commenced after the service of the answer, and on June 26, 1896, an order was entered confirming the awards of the commissioners, among which were awards to this defendant for a portion of the premises mentioned in the complaint. The motions now in question were made by the defendant for leave to put in a supplemental answer setting forth these facts, for the purpose of claiming that there had been adjudication in that proceeding binding on the plaintiff, that the title to the land, or some portion of it, was in the defendant. As the first motion was denied with leave to renew, we need only concern ourselves with the propriety of the second order made, and the papers upon which it was based. The court below, in denying the relief, was influenced by the same considerations which are pressed upon us for an affirmance of the order, namely, that the defense sought to be interposed was without legal foundation and unconscionable, and that the defendant had been guilty of gross laches. If there be merit in the defense, it can scarcely be regarded as unconscionable, as its purpose is to show that, with respect to a portion of the land, at least, the title of the defendant was recognized. The fact that the proceedings affected only a portion of the land in dispute is no reason for denying the application. Whether the award therein made was a binding adjudication upon the rights of either party, it is unnecessary for us here to determine, because the rule to be applied on these motions has been well expressed in Mitchell v. Allen, 25 Hun, 543: "Ordinarily, where the facts appearing on such a motion show that the party is entitled to serve his supplemental pleading, he ought to be permitted to do so, unless the pleading is clearly bad or frivolous." See, also, Reynolds v. Insurance Co., 16 App. Div. 74, 44 N. Y. Supp. 691. Nor do we think the contention that the defendant has been guilty of gross laches is sustained by the facts. The street-opening proceedings were subsequent to the service of the amended answer, and, though the case was noticed for trial in 1895, it did not appear on the calendar till 1897, and was then marked "Reserved generally." Nothing further was done in the case till July, 1898, when the defendant changed its attorneys, and thereafter, in October, 1898, upon defendant's motion, the case was restored to the calendar. The new attorneys, in preparing for trial, learned of the proceedings had in 1894, and immediately made the motion for leave to serve the supplemental answer. To overcome the force of these facts, the plaintiff insists that the defendant's president knew of the proceedings, and we are inclined to think that this claim is supported; but it does not appear that he had sufficient legal knowledge to determine what relevancy, if any, such proceedings would have upon the merits of the action. It is not extraordinary that this should be so, when it is now strenuously urged by the plaintiff that the proceedings can have no possible bearing upon the issues involved. The present attorneys for the defendant take a different view. They assert without contradiction that their knowledge of the facts sought to be set up was accidentally obtained while preparing for trial, and there-

after they moved promptly to obtain the desired relief. We think that, upon the showing made, the defendant has brought itself within the right conferred by section 544 of the Code of Civil Procedure, which provides:

"Upon the application of either party, the court may, and in a proper case, must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made; including the judgment or decree of a competent court, rendered after the commencement of the action, determining the matters in controversy, or a part thereof. The party may apply for leave to make a supplemental pleading either in addition to, or in place of the former pleading. In the former event, if the application is granted, a provisional remedy, or other proceeding already taken in the action, is not affected by the supplemental pleading; but the right of the adverse party to have it vacated or set aside, depends upon the case presented by the original and supplemental pleadings."

It is not claimed by the plaintiff that any injury has been suffered by the delay, and, as it is proper that the dealings of the parties and the rights resulting therefrom should all be determined in one action, we think the court below should have granted the motion.

Orders accordingly reversed, with $10 costs and disbursements, and motion granted.

INGRAHAM and McLAUGHLIN, JJ., concur. PATTERSON, J., dissents.