meeting of the minds between him and Mr. Jackson for any extra payment. Besides this, there does not seem to have been any consideration to support an agreement, if made. By reason of the special agreement for compensation, the costs in this particular action belonged to the clients, and not to the attorney; and there is no statement that, in order to secure a speedy settlement and judgment in this action, it was necessary to remit costs in the other actions that were settled at the same time with it. Furthermore, it appears that the respondent did not wait for Mr. Jackson's response to his suggestion for additional compensation, but proceeded to settle the suit, seemingly relying upon the chance that the executors would subsequently be willing to modify the original agreement. This they refused to do. Motion granted. Give notice of settlement.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

A. I. Sire, for appellant.

E. W. S. Johnston, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of the court below.

---

BELL TEL. CO. OF BUFFALO v. HOME TEL. CO. OF ROCHESTER et al.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

PLEADING—SUPPLEMENTARY COMPLAINT—SERVING—WHEN ALLOWED.

Plaintiff, a telephone company, filed a complaint seeking to have an ordinance requiring it to allow other companies to use its poles and conduits, or on refusal to forfeit its franchise, declared void, and its enforcement enjoined. While the action was pending the mayor vetoed the ordinance, and the same ordinance was again passed and approved, without allowing plaintiff a hearing, as he was entitled to under the council rules. *Held*, that leave should be granted to serve a supplemental complaint setting forth acts done after the commencement of the action resulting in the repassage of the ordinance.

Appeal from special term, Monroe county.

Action by the Bell Telephone Company of Buffalo against the Home Telephone Company of Rochester and others. From an order denying leave to plaintiff to serve a supplemental complaint, it appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

John A. Barhite, for appellant.

Joseph W. Taylor, for respondents.

McLENNAN, J. The action was begun on the 7th day of December, 1899, to procure a judgment declaring void a certain resolution passed by the common council of the city of Rochester on the 5th day of December, 1899, which, among other things, provided that the plaintiff, which owned and was engaged in operating lines of electric telephones in said city under a certain contract made and entered into by and between it and said city, should be compelled to permit the defendant companies, which were also engaged in transmitting electricity along and under the streets of said city, to occupy its poles

and conduits with their respective wires, upon compliance by said defendant companies with certain conditions in said resolution specified. The resolution further provided that, in case the plaintiff failed to comply with its requirements, it would be deemed to have forfeited all the rights and privileges acquired by it under its aforesaid agreement. It was alleged in the plaintiff's complaint that to compel it to permit the defendant companies to occupy its poles and conduits with their wires would be a violation of the rights acquired by it under its said agreement, and would result in irreparable injury to it. Judgment was also demanded perpetually enjoining the defendant companies from making application for or attempting to enforce any of the rights which such resolution purported to confer upon them. After said action had been commenced, and the complaint therein served, the resolution complained of was vetoed by the mayor of said city, and the veto was sustained. Immediately thereafter precisely the same resolution was again introduced, and was again adopted by the council, without giving the plaintiff an opportunity to be heard in opposition thereto, although requested so to do, and notwithstanding that by the rules of the common council the plaintiff was entitled to such hearing. The resolution thus last adopted was approved by the then mayor, the term of the mayor in office when the resolution was first passed having expired. The proposed supplemental complaint contains all the allegations of the original complaint, and in addition sets forth the acts done after the commencement of the action, and which resulted in the repassage by the common council, and the approval by the mayor, of the resolution first passed. The motion for leave to serve a supplemental complaint was resisted upon two alleged grounds:

"First, the cause of action, if any, set up in the supplemental complaint is in no manner connected with the cause of action set up in the original complaint, but is, on the contrary, entirely independent thereof; second, neither the original nor the supplemental complaint, nor both of them together, contain facts sufficient to constitute a cause of action against these defendants."

The purpose of the action, as originally brought, was to prevent the city of Rochester from compelling the plaintiff to permit the other defendants to occupy its poles and subways with their wires. The passage of the resolution to that effect, even if approved by the mayor, could work no injury to the plaintiff unless the defendant companies asserted and attempted to enforce the rights which it purported to confer upon them, respectively. Such being the purpose of the resolution, it was not necessary for the plaintiff, before taking steps to resist the action of the common council, to wait until demand was made by the defendant companies, refuse the same, and thus take the risk of forfeiting its rights under its agreement with the city. The passage of the resolution by the common council was an emphatic declaration of its purpose to compel the plaintiff to do or permit to be done the things specified in said resolution, and which it is claimed by the plaintiff the common council had no legal right or authority to require; and, if so, the plaintiff had a right to challenge the legality of such act immediately, and to bring this action for that purpose. The fact that after the action was commenced

the common council rescinded the resolution adopted by it, and immediately readopted it, did not necessarily destroy the plaintiff's cause of action, if one existed. Such action on the part of the common council but emphasized its intention to enforce the provisions of the resolution upon the plaintiff. If by such action the common council could prevent its acts being passed upon by the courts without any abandonment of its purpose, it could prevent indefinitely a legal determination of plaintiff's rights in the premises, and perchance until it had incurred the risk of forfeiture of all its rights acquired under its agreement with the city of Rochester. Both the original and supplemental complaints referred to the same resolution, although they were passed at different times. The purpose of the action remained unchanged, and the relief demanded is identical. The facts disclosed by the record quite clearly indicate that the veto of the resolution first passed was sustained by the common council because sufficient votes could not be obtained to overrule it, and not because of the acquiescence of the common council in the action of the mayor. Votes enough could be had to repass the resolution, and it was done at a time when it could not reach the executive of the city until after the term of office of the mayor who was in office when the resolution was first passed had expired. It is evident that all the subsequent acts of the common council were done and committed to accomplish its original purpose of compelling the plaintiff to permit the defendant companies to use its poles and conduits.

In Railroad Co. v. Haffen, 23 App. Div. 377, 48 N. Y. Supp. 316, the action was brought to prevent the authorities of New York City from laying out a street through the premises of the plaintiff. The summons and complaint were served, and a temporary injunction obtained, immediately after the maps were filed by the authorities locating said proposed street. Upon motion at special term the temporary injunction was vacated upon the ground that the mere filing of the maps did not create a cloud upon the plaintiff's title, or give it a cause of action. Subsequently other steps were taken by the authorities to consummate its purpose of laying out the street in question. The plaintiff thereupon made a motion at special term for leave to serve a supplemental complaint setting up such additional proceedings. The motion was denied. Upon appeal the appellate court reversed the order, and said:

"The setting up of such acts, in our opinion, does not introduce a new and independent cause of action into the complaint. All the acts performed since the original complaint was served are alleged as threatened or intended by the original complaint, and all are but steps in what is really a single proceeding to accomplish the one thing which this action is brought to prevent."

Latham v. Richards, 15 Hun, 129; Abb. Tr. Brief Pl. p. 800.

The sole purpose of a supplemental complaint is to set up such facts as have occurred since the original complaint was served. McRoberts v. Pooley, 1 N. Y. St. Rep. 725. But whether they are true or false, or whether they constitute an independent cause of action, should not be determined upon a motion for leave to serve a supplemental complaint. Cornwall v. Cornwall, 30 Hun, 573. Leave to serve a supplemental complaint ought not to be withheld unless the

object of the application is delay, or it is not made in good faith. Williams v. Hays, 23 N. Y. St. Rep. 489. The merits of a controversy ought not to be passed upon or determined upon an application for leave to serve a supplemental complaint, but the plaintiff is entitled to his day in court. Railroad Co. v. Haffen, supra; Reynolds v. Insurance Co., 16 App. Div. 74, 44 N. Y. Supp. 691. The rule is well settled that a supplemental complaint must be consistent with and in aid of the case made by the original complaint. Tiffany v. Bowerman, 2 Hun, 643; Prouty v. Railroad Co., 85 N. Y. 276. In the case at bar the facts alleged in the supplemental complaint, in addition to those set up in the original complaint, are in aid of the alleged cause of action originally set forth. Whether such facts constitute a valid cause of action, or entitle the plaintiff to the relief demanded, or to any relief against the defendants, ought not to be determined upon this appeal, and we do not intend to indicate any opinion upon that question. The order appealed from should be reversed, with $10 costs and disbursements, and the motion for leave to serve a supplemental complaint granted.

Order reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.