PEOPLE ex rel. RADEZIWON et al. v. CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County.　February 8, 1909.)

1. CERTIORARI (§ 42*)—AMENDMENT OF PETITION.

Code Civ. Proc. § 2133, provides that, after a writ of certiorari has been issued, "any order may be made or any proceeding taken in the cause in relation to any matter not provided for in this article, as a similar proceeding may be taken in an action brought in the same court." Section 1997, relating to state writs, provides that "the provisions of this act relating to amendments, motions and intermediate orders in an action are applicable to similar acts in such special proceedings, except where special provision is otherwise made, or where the proceeding is repugnant to the object of the state writ for the mode of procedure thereunder." *Held*, that an amendment to a petition for certiorari was authorized.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 42.*]

2. CERTIORARI (§ 42*)—PROCEEDINGS—LIMITATIONS—AMENDMENT OF PETITION.

An amendment to a petition for a writ of certiorari may be allowed after the time to institute another proceeding has elapsed.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 42.*]

3. PLEADING (§ 238*)—AMENDMENTS.

Amendments may be allowed without a critical inquiry into the merits or sufficiency of the questions sought to be raised, leaving the question as to the sufficiency in law of the allegations set forth to be litigated in the action or proceeding itself.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 623; Dec. Dig. § 238.*]

4. CERTIORARI (§ 42*)—PETITION—AMENDMENT.

Petitioners for certiorari to review a repaving assessment sought to amend their petition by alleging that the board of assessors counted only one resident owner of lands in all cases where such land was owned by and assessed to two or more resident owners, whereby they falsely reported that a majority of the owners had signed a petition for repaving, and that the common council had ordered the street repaved with a certain material, although no bid was reported to the council for any such pavement, in violation of a charter requirement. *Held*, that a refusal to allow these amendments would be an abuse of discretion.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 42.*]

5. CERTIORARI (§ 60*)—PROCEEDINGS—QUASHING.

In certiorari to review a repaving assessment, the city may move to quash the writ in the form presented by an amended petition, although at the time of granting the amendments the court refused to grant a pending motion to quash the writ.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 60.*]

6. CERTIORARI (§ 71*)—PROCEEDINGS—COSTS.

The denial of a motion to quash a writ of certiorari should be without cost, where pending amendments to the petition are granted removing the grounds of the motion to quash.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 71.*]

Certiorari by the People of the State of New York, on the relation of John Radeziwon and others, against the City of Buffalo. Right to amend petition granted, and motion to quash the writ overruled.

Frank F. Williams, for relators.
Samuel F. Moran, for City of Buffalo.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J. This proceeding was instituted under the provisions of section 101 of the charter of the city of Buffalo to review by certiorari an assessment roll for repaving Broadway in said city. A petition was presented and a writ issued. The city then moved to quash the writ upon the alleged ground of the insufficiency of the petition upon which the writ was allowed; it being contended on behalf of the city that all the questions presented in the petition in this proceeding had been finally passed upon adversely to the relators in another proceeding to review the same assessment, entitled, "The People, on the Relation of William C. Brownell, against the Board of Assessors of the City of Buffalo." See 86 N. E. 466. While the motion to quash the writ was pending undetermined, and awaiting the result of a motion for a reargument of the Brownell Case, the relators obtained orders to show cause why permission should not be granted to amend their petition by the insertion of certain other allegations and grounds of alleged irregularity in the proceedings leading up to the making of the assessment in question, which it is claimed on the part of the relators renders the assessment invalid.

The first amendment sought is one by which the relators seek to allege that the board of assessors counted only one resident owner of lands on Broadway in all cases where such land was owned by and assessed to two or more resident owners, and that, by reason of such error, they falsely reported that a majority of the owners had signed the petition for repaving, when such was not the fact. This amendment is sought to be made in order to make the petition in this case meet certain suggestions contained in the opinion of Judge Haight of the Court of Appeals in the Brownell Case.

The second amendment asked is an allegation, in effect, that, in violation of the provisions of the charter of the city of Buffalo, the common council has ordered that Broadway be repaved with German Rock Asphalt & Cement Company's standard asphalt, Spec. "B," on concrete base, although no bid was reported to the common council for any such pavement, as required by section 397 of the charter. The corporation counsel opposes the allowance of the proposed amendments, and contends that the court has no power to allow the amendments asked; and argues that the original petition failed to state facts sufficient to warrant the issuing of the writ, and therefore it is too late by amendment to state other facts which might or would support the writ. By section 101 of the city charter, the time within which certiorari proceedings can be instituted is limited to two weeks, and that time has long since expired, and it would be impossible for the relators to institute new proceedings. We are of the opinion, however, that this court has ample power and authority to allow the amendments. Section 2133 of the Code of Civil Procedure provides that, after a writ has been issued:

"Any order may be made, or any proceeding taken, in the cause, in relation to any matter not provided for in this article, as a similar proceeding may be taken in an action brought in the same court."

Section 1997 provides that:

"The provisions of this act, relating to amendments, motions, and intermediate orders, in an action, are applicable to similar acts in such special pro-

ceedings, except where special provision is otherwise made therein, or where the proceeding is repugnant to the object of the state writ, or the mode of procedure thereunder."

The power to amend the petition has been repeatedly exercised by the courts. People ex rel. N. Y., C. & H. R. R. R. Co. v. Feitner, 58 App. Div. 343, 68 N. Y. Supp. 1058; People v. Webster, 49 App. Div. 565, 63 N. Y. Supp. 574; People v. Marsh, 21 App. Div. 88, 47 N. Y. Supp. 395; People v. Assessors, 10 App. Div. 393, 41 N. Y. Supp. 769; People v. Roe et al., 25 App. Div. 107, 47 N. Y. Supp. 227. The cases cited by the counsel for the city (viz., People ex rel. Lehigh Valley R. Co. v. City of Buffalo, 57 Misc. Rep. 10, 107 N. Y. Supp. 689; People v. Scannell, 56 App. Div. 51, 67 N. Y. Supp. 433; Matter of Roberts, 81 N. Y. 62–69; In re Eager, 46 N. Y. 100–109; People v. Harkness, 84 Hun, 447, 32 N. Y. Supp. 344; People v. Coleman [Sup.] 30 N. Y. Supp. 379) simply hold that without proper allegations in the petition proof cannot be received of facts unalleged showing the invalidity of the assessment or proceeding sought to be reviewed. These cases do not go to the extent of holding an allowance of an amendment so as to permit proof improper. We see no reason why such amendment should not be allowed if the proceeding has been originally instituted in time, even though the amendments be allowed after the time to institute another proceeding has lapsed. There seems to be no more reason for refusing such amendments than there would be in refusing to allow an amendment to a complaint in an action under like circumstances, which the courts not infrequently permit, even where a new suit would be barred by the statute of limitations. Elting v. Dayton, 67 Hun, 425, 22 N. Y. Supp. 154; Rowell v. Moeller, 91 Hun, 424, 36 N. Y. Supp. 223; Eighmie v. Taylor, 39 Hun, 366. Indeed, the inability to commence a new proceeding is a potent reason for allowing, rather than denying, permission to amend. For these reasons, we think the amendments in this case should be allowed.

In allowing amendments it is the practice of the courts to permit amendments to be made without inquiring too critically into the merits or sufficiency of the questions sought to be raised, leaving the question as to the sufficiency in law of the allegations set forth to be litigated in the action or proceeding itself. Mitchell v. Allen, 25 Hun, 543; Gas Works v. Standard Gaslight Co., 47 Hun, 255; Mayor v. East Bay L. & Q Co., 41 App. Div. 567, 58 N. Y. Supp. 724; Purdy v. Manhattan R. R. Co., 11 Misc. Rep. 395, 32 N. Y. Supp. 275; Reynolds v. Ætna Life Ins. Co., 16 App. Div. 74, 44 N. Y. Supp. 691. Otherwise the party to the proceedings would be in no condition to present or litigate the questions raised.

Some of the questions raised are serious, and involve the validity of a large assessment which not only concerns the relators, but may concern the taxpayers of the city at large. We think it would be an abuse of discretion to refuse to allow the amendments. The city may then move to quash the writ in the form presented by the amended petition, if it should deem that course advisable. The granting of these amendments, however, makes it inadvisable for the court to

grant the pending motion to quash the writ. That motion, however, should now be denied without costs, but without prejudice to the right to renew the motion to quash the writ upon the amended petition.

We are also of the opinion that the right to amend should be upon terms, to wit, upon the payment of $20 costs of the motion for such privilege.

So ordered.