The issue before the Court is should the court grant the plaintiff's motion for summary judgment?
It is found that the court should deny the motion as to the defendant's counterclaim and as to counts two and three of the plaintiff's complaint, but grant it as to count one of the plaintiff's complaint.
The facts relevant to this motion and contained in the pleadings and evidence submitted are as follows. The plaintiff, Christine Power, individually and as executrix of the estate of her mother, Heliane F. Dumas, sues the defendant Patrick Reynaud, Power's father. Dumas and Reynaud were divorced in 1976.
This dispute concerns title to certain real property in Milford. In her three count amended complaint, the plaintiff alleges that in 1969, Dumas, the decedent, in her own name acquired the property at 1 Norwood Avenue, Milford, by warranty deed. Dumas retained the property after she and the defendant divorced. In the will of Dumas that was admitted into probate, she devised the property in fee to Power. On December 21, 1990, four months after Dumas died, the defendant recorded a deed dated June 14, 1979, and a power of attorney dated April 11, 1974, in the Milford Land Records that purport to convey title to the Milford property to the defendant. The plaintiff claims that the defendant had no authority to convey title to the Milford property. The plaintiff further alleges in count two that the defendant breached his fiduciary duty to the decedent, causing a constructive trust to be created, and, in count three, that the defendant committed fraud and theft upon the plaintiff and the estate. The plaintiff requests the court to set aside the purported conveyance, declare it void, and award common law and statutory damages.
The defendant answered the original complaint, which does not materially differ from the amended complaint, and asserted a counterclaim alleging that he is owed back rent. The plaintiff answered the counterclaim and asserted two special defenses: the statute of limitations and laches.
On February 3, 1992, the plaintiff filed a motion for summary judgment and memorandum of law, affidavits, and numerous certified exhibits. The defendant filed an objection, a memorandum CT Page 5363 of law, affidavits and several exhibits. The plaintiff filed a reply memorandum and additional exhibits.
Summary judgment may be granted if no material issues of fact exist and if the movant is entitled to judgment as a matter of law. Practice Book 384. "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation omitted). Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). The pleadings between the parties to the motion must be closed. Practice Book 379.
I. Defendant's Counterclaim
The defendant has not filed an answer to the plaintiff's special defenses that were asserted in response to the defendant's counterclaim. Therefore, because the pleadings as to the counterclaim are not closed, the court will deny the plaintiff's summary judgment motion as to the defendant's counterclaim.
II. The Complaint
A. Count One — Void Conveyance
The plaintiff advances many arguments in support of summary judgment. This memo will discuss one argument that is dispositive of count one.
The plaintiff argues that the purported conveyance of the property by the defendant to himself is void because the power of attorney from the decedent with which he recorded the deed was revoked by the decedent's death. The plaintiff continues that the defendant had no authority to convey the property from the decedent to himself with the power of attorney after the decedent died. Because the defendant recorded the power of attorney and the deed four months after the decedent died, the plaintiff argues the conveyance is void.
In response to this argument, the defendant counters that the power of attorney given to him by the decedent constitutes a power coupled with an interest and is, therefore, not terminated by the principal's death.
The power of attorney given by the decedent to the defendant was executed in New York pursuant to New York's statutory short form power of attorney provisions. See plaintiff's Exhibit A. It recites that it is "intended to constitute a GENERAL POWER OF ATTORNEY." It continues:
 FIRST: in my name, place and stead in any way which I myself could do, if I were personally present, with respect to CT Page 5364 the following matters as each is defined by Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent.
 A — Real Estate Transactions. B — Chattel and Goods Transactions. C — Bond, share and Commodity Transactions. D — Banking Transactions. E — Business operating Transactions. F — Insurance Transactions. G — Estate Transactions. H — Claims and Litigation. I — Personal Relationships and affairs. J — Records, Reports and Statements. K — all other matters, including signing all documents, checks of my personal savings accounts or checking accounts, of the Corporations whom I am an officer, like Monde International American Corporation, Reynaud Real Estate, and others. L — To sale all Real Estate, Lands Buildings, Houses, which are in my name, in joint names with my husband Patrick R. Reynaud or owned by any joint names with my husband Patrick R. Reynaud or owned by any Corporations which I am a Stockholder or an officer.
 SECOND: To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination hereof by operation of law or otherwise shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation shall have been received by such third party.
The power of attorney appears to have been recorded in New York in 1974.
A power of attorney is "a written, formal contract of agency, creating a principal-agent relationship between [the plaintiff's decedent] and the defendant. . . . "Unless the agency is coupled with an interest . . . the well-settled rule is that the agency relation terminated at the death of the principal." Long v. Schull,184 Conn. 252, 256, 439 A.2d 975 (1981).
"[W]hen power is given to a person who derives under the instrument creating the power, or otherwise, a present or future interest in the subject over which the power is to be exercised, it is then a power coupled with an interest. . . . [T]o constitute a power coupled with an interest, there must be an interest in the thing itself, and not merely in the execution of the power." Mansfield v. Mansfield, 6 Conn. 559, 562-63, 16 App.Div. 76 (1827). For example, a power of attorney coupled with an interest was found where the defendant borrowed money from the plaintiff, gave the plaintiff two promissory notes and executed a power of attorney authorizing the plaintiff to make a bill of sale to a boat as collateral for the promissory notes. Id. (Citation omitted.) Also, where a deed of assignment was given along with a power of attorney to CT Page 5365 effectuate it, the court held that this power constituted a power coupled with an interest. Id., 563. (Citation omitted.)
In the present case, the power of attorney document does not give a present or future interest in the property at 1 Norwood Avenue, Milford, or reference the property or deed to it in any way. The document also does not give any future or present interest in anything except the execution of the power itself. See Mansfield, supra. Furthermore, the deed that the defendant used to purportedly convey the property to himself was executed in 1979, more than five years after the power of attorney was executed, and thus can be distinguished from the examples above where a contemporaneous document specifically referenced the power. See also DiBlasi v. DiBlasi, 114 Conn. 539, 543-44,159 A. 477 (1932) (power of attorney was not coupled with an interest where it contained no suggestion that alleged oral agreement existed granting an interest). It is thus found that the power of attorney executed by the decedent in favor of the defendant creates no interest sufficient to make it a power coupled with an interest. Therefore, the power of attorney was revoked by the death of the principal/decedent on August 13, 1990.
On December 21, 1990, the defendant recorded a deed conveying 1 Norwood Avenue, Milford, to himself and recorded the revoked power of attorney. General Statutes 47-10 provides:
 No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies. When a conveyance is executed by a power of attorney, the power of attorney shall be recorded with the deed, unless it has already been recorded in the records of the town in which the land lies and reference to the power of attorney is made in the deed.
It is found that the conveyance of the defendant of 1 Norwood Avenue, Milford to himself was ineffectual because the power of attorney had been revoked by the principal's death. Additionally, although the power of attorney had been recorded in Voluntown Land Records in 1974; see Plaintiff's Exhibit N; the power of attorney had not been recorded in the Milford Land Records prior to the principal's death. It is clear that the court should grant the plaintiff's motion for summary judgment as to count one as the conveyance by the defendant to himself is void as a matter of law.
B. Counts Two and Three
In counts two and three, the plaintiff seeks common law and statutory damages and alleges that the defendant breached his fiduciary duty to the decedent and committed forgery and theft. It is found that questions of fact exist as to the allegations in counts CT Page 5366 two and three and that therefore the court denies the plaintiff's motion as to those counts.
The Court grants the Motion for Summary Judgment as to Count One since the attempted conveyance of title is ineffectual as a matter of law.
The Motion for Summary Judgment as to Count Two and Three of Plaintiff's Complaint is denied as is the Motion for Summary Judgment as to the Counterclaim.